## J. M. BUFORD v. THE STATE.

1. CHARGE OF COURT.—In a criminal case the jury should be distinctly charged as to the punishment which may be imposed by their verdict. An error in the charge as to such punishment will be ground of reversal, although the defendant had the benefit of a lighter punishment.

2. ALTERING THE BRAND OF CATTLE.—The punishment for fraudulently altering the mark and brand of cattle, being the same as for theft of such cattle since the act of May 17, 1873, making theft of neat cattle a felony, without regard to value of the property stolen, a charge of the court allowing the jury to find any other punishment than as prescribed in said act, is error.

APPEAL from San Saba.   Tried below before the Hon. E. B. Turner.

Buford was indicted May 20, 1875, for fraudulently altering the brand of a cow, of the value of ten dollars, and of a calf, of the value of four dollars, on 20th March, 1875.

On the trial, the court instructed the jury, after defining the offense: "The punishment for the theft of cattle, by the law of 1866, which is the lightest punishment affixed to theft now in force, is by confinement in the penitentiary not to exceed two years, or by fine not to exceed one thou-

sand dollars, or by both fine and imprisonment, or by one and not of the other, or by part of one or both.''

The jury found the defendant guilty, and fixed his punishment at one year and eight months in the penitentiary, on which judgment was rendered.

Other facts sufficiently appear in the opinion.

The defendant appealed.

*C. C. McGinnis* and *Daniel H. Triplett,* for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—Appellant assigns various errors for the reversal of the judgment in this case, but it is not deemed necessary to examine more than one of the grounds, to wit, that the court erred in its charge to the jury.

The indictment charges the defendant with having fraudulently and feloniously altered the brand of a cow and yearling calf, not being his own property, without the consent of the owner, and with intent to defraud, &c.

The act of February 12, 1858, (Paschal's Dig., art. 2412,) under which it is probable the indictment was found, punishes this offense in the same manner as if the defendant had committed a theft of the animals.

The court charged the jury that the act of 1866, for the punishment of theft of cattle, was applicable to this case. This act punishes the driving of stock from the accustomed range, under certain circumstances, by imprisonment in the penitentiary or by fine, or by both fine and imprisonment, at the discretion of the jury; or, when the offense is a misdemeanor, it is punished by fine not exceeding double the value of the stock.   (Paschal's Dig., arts. 2410*b* and 2410*c*.) Article 2410*a* punishes theft of cattle of over twenty dollars in value by confinement in the penitentiary, and under twenty dollars in value by confinement in the county jail and by fine, or by imprisonment without fine.   The act of

1866 was not applicable as the punishment for altering the brand of cattle. The jury should have been instructed to assess the punishment under the act of May 17, 1873. (Gen. Laws, p. 80.) This statute provides, that if any person shall steal any cattle, he shall be punished by confinement in the penitentiary not less than two nor more than five years. Theft of sheep, hogs, or goats, if the value is twenty dollars or over, is punished by confinement in the penitentiary not less than two nor more than five years; if under that value, the punishment is also by confinement in the penitentiary, but not to exceed two nor less than one year. The punishment of theft of cattle does not depend upon the value of the animal. The act of November 12, 1866, (Paschal's Dig., art. 2410*a*,) made no distinction between the punishment of theft of cattle and the punishment of theft of sheep, goats, or hogs. The distinction was made by the act of 1873, and this act being in force at the time of the commission of the offense, the defendant was liable to its penalty, if guilty as charged in the indictment. The code requires that the law applicable to the case shall be given in charge to the jury, and this not being done, the judgment is reversed and case remanded.

REVERSED AND REMANDED.