### J. ALLEN, *alias* CARR, *v.* THE STATE.

1. RECOGNIZANCE.—It is not a valid objection to a recognizance that it binds the defendant to appear before the lower court to abide the judgment of the " appellate court," instead of the court of appeals.   The latter designation is deemed the more appropriate one, but, as both are employed in the Constitution and in the act organizing this court, no legal distinction between them exists.

2. CHARGE OF THE COURT.—It was error to misdirect the jury as to the penalty of the offense charged, notwithstanding that the punishment assessed by the jury was such as might, under a correct charge, have legally been assessed.

APPEAL from the County Court of Polk.    Tried below before the Hon. J. O. STEVENS.

The punishment assessed was " eight hours in jail and fine ten dollars."

No brief for the appellant.

*W. B. Dunham,* for the State.

WHITE, J.    The assistant attorney general moves the court to dismiss the appeal in this case for the want of a proper recognizance.

The recognizance, as set forth in the transcript, is a literal copy of the form prescribed by the statute (2 Pasc. Dig., Art. 6599). The objection presented by the motion is that it binds the defendant to appear before the lower court to abide the judgment of "the appellate court of the state of Texas," instead of the court of appeals of the state, there being no such court known to our law as "the appellate court of the state of Texas."

There can be no doubt that the proper appellation for this court, and the one by which it was intended to be known and designated by the Constitution to which it owes its origin, and from which it derives its power and authority, is that of "the court of appeals." See Art. 5 of Const., secs. 1, 5, 6, 8, 12, 16, and 28; Art. 15, secs. 2 and 8. It will be seen, however, that in sec. 11, of Art. 5, of the Constitution this court is spoken of as "the appellate court." It will also be seen in the act organizing this court (Acts of Fifteenth Legislature, p. 3, sec. 1) that, in providing for a clerk of the court, the language used is, "and shall perform as clerk of the appellate court," etc.

Here we have, then, the authority of the Constitution which created, and of the law which organized, the court, for the use of the appellation "appellate court" as synonymous with "court of appeals." As a matter of preference, merely, we think the latter the most appropriate title or name, it having the denomination which evidently appears to have been originally intended; but, as matter of law, we can see no real difference, since both are used, as we have seen, indiscriminately, and appear to mean and express the same thing. Besides, in this case there can be no doubt as to the court to which defendant appeals, for, in the order of the court overruling his motion for a new trial, we find it stated that "the defendant, by counsel, excepts and gives notice of appeal to the court of appeals of the state of Texas."

The motion to dismiss the appeal for want of a sufficient and proper recognizance is overruled. Looking to the case with reference to its merits, and it appears that it should be reversed for error committed in the charge of the court. The information charged the defendant with theft of one bushel of corn, of the value of $1.50, alleged to have been stolen the 1st day of May, 1876. The information was filed July 7, 1876. Under the law as it existed at the time of the commission of the offense, and at the time of the trial, the punishment for theft of property under the value of $20 was " by imprisonment in the county jail for a term not exceeding one year, and by fine not exceeding one hundred dollars, or by such imprisonment without fine." 2 Pasc. Dig., Art. 6547.

The court charged the jury that if they found defendant guilty they would " assess his punishment at confinement in the county jail for a term not to exceed two years, and by fine not to exceed one hundred dollars, or by imprisonment without fine."

" The Code requires that the law applicable to the case shall be given in charge to the jury." The case of *Buford* v. *The State*, 44 Texas, 525, is a case in point.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*