## FRANK JONES v. THE STATE.

THEFT — PENALTY — CHARGE OF THE COURT. — In a trial for a felony, it is
the duty of the judge, whether asked or not, to charge the jury correctly
on the penalty prescribed for the offence, as part of the law applicable to
the case. It was error fatal to the conviction, in a case of hog-theft, to
give as the penalty that which is prescribed for theft in general by arts. 735
and 736 of the Revised Penal Code, instead of that specially prescribed by
art. 748, for theft of hogs, sheep, and goats; and the conviction cannot be
sustained, though the punishment assessed is one which might lawfully have
been assessed under a correct charge of the court.

APPEAL from the District Court of Houston. Tried below
before the Hon. W. D. WOOD.

The case is sufficiently stated in the opinion.

*W. B. Wall* and *J. R. Burnett*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The provisions of the Penal Code which
relate to the punishment for theft generally are the follow-
ing : —

"Art. 735. Theft of property of the value of twenty
dollars, or over, shall be punished by confinement in the
penitentiary not less than two nor more than ten years.
Art. 736. Theft of property under the value of twenty
dollars shall be punished by imprisonment in the county
jail not exceeding one year, during which time the prisoner
may be put to hard work, and by fine not exceeding five
hundred dollars, or by such imprisonment without fine."

Whilst these articles relate to and prescribe the punish-
ment in cases of theft generally, both as to property
of the value of $20 or over, as well as to property under
the value of $20, the Code in the next succeeding article
(737) declares that the two preceding articles (735 and
736) "do not apply to theft of property from the person,

nor to cases of theft of any particular kind of property, where the punishment is specially prescribed.''

The judge who presided at the trial of this cause in the court below charged as the penalty agreeably to arts. 735 and 736, and which penalty was by art. 737 declared not to apply to the case, it being a case of theft of a particular kind of property, where the punishment is specially prescribed.    The punishment for theft of animals is, in general, specially prescribed by the provisions of the Code, chap. 11, and in art. 748 it is provided that '' if any person shall steal any sheep, hog, or goat, he shall, if the value of the property stolen is twenty dollars or over, be punished by confinement in the penitentiary not less than two nor more than five years.   If the value of the property is under twenty dollars, he shall be punished by imprisonment in the county jail not exceeding one year, during which time the prisoner may be put to hard work, and by fine not exceeding five hundred dollars, or by such imprisonment without fine.''

The indictment charges the appellant with the theft of '' twelve hogs, of the value of five dollars each.''   The jury must have ascertained, in deliberating on the case, that the hogs were of the value of $20 or over, or they would not have been warranted in rendering a verdict, as they did, assessing his punishment at confinement in the State penitentiary for a term of two years.   It may be urged that the charge of the court in the present case worked no injury to the appellant, as the jury assessed an appropriate punishment, and the lowest punishment imposed by law for the theft of property of the value of $20 or over, and that therefore the appellant has no just grounds of complaint. To this assumption it is sufficient to say that the charge of the court, in so far as it instructed the jury as to the penalty fixed for the offence was not the law of the case, and the grade of offence of which the appellant was convicted being a felony, it became the duty of the presiding

judge, whether asked or not, to give to the jury a written charge, in which he should have distinctly set forth the law applicable to the case, agreeably to art. 677, Code of Criminal Procedure. *Buford* v. *The State*, 44 Texas, 525.

We find no other material error requiring special notice; but because of error in the charge of the court in the particular above set out, the judgment is reversed, and the case is ordered to be remanded for a new trial.

*Reversed and remanded.*