## PEDRO HEMANUS v. THE STATE.

1. **PRACTICE IN THE COURT OF APPEALS.** — *Unless signed and approved by the judge who presided at the trial below, a document embodied in the transcript, and purporting to be a statement of facts, cannot be recognized as such by this court, though signed by counsel for the State and the defendant ; and, without a statement of facts, this court will consider only the indictment, the charge of the court below, and matters so presented by bills of exception as to be determinable without a statement of the facts of the case.*

2. **ASSAULT WITH INTENT TO COMMIT RAPE — CHARGE OF THE COURT.** — *In a trial for this offence, the court below gave to the jury the statutory definition of rape, and the punishment for assault with intent to commit rape, but gave no instruction respecting an assault or an aggravated assault, and refused special instructions properly supplying the defects of the general charge on these elements of the offence. Held, that, the case being a felony, it was incumbent on the court, whether asked or not, to have given to the jury the law submitted in the requested instructions.*

APPEAL from the District Court of Menard. Tried below before the Hon. W. A. BLACKBURN.

The case is disclosed in the opinion.

*Hill & Runge*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J, Appellant was indicted and convicted for an assault with intent to commit rape. Rev. Penal Code, art. 503. The statement of facts as exhibited in the transcript, though agreed to by the attorneys for the State and defendant, does not appear to have been approved or certified by the judge, and it cannot therefore be considered with reference to this appeal. Under such a state of case this court will only look to the indictment, charge of the court, and such bills of exceptions as can be determined in the absence of a statement of the facts.

In this case, the general charge of the court to the jury does not appear to have been filed by the clerk, but we find that the special instructions asked by defendant's counsel and refused by the court are filed and noted in a bill of exceptions, and that a bill of exceptions was also reserved to the charge of the court as given, because it did not define an assault. If the paper copied into the transcript, purporting to be the charge, is in fact the charge as given, then it is defective in the matter complained of; for it simply defines rape, and instructs the jury as to the statutory punishment for an assault with an intent to commit rape, with a closing paragraph upon the presumption of innocence and the reasonable doubt. No information was afforded the jury as to the constituent elements of an assault and aggravated assault and battery. As was said by our Supreme Court in *Pefferling* v. *The State*, "under the indictment the appellant might have been convicted of an aggravated assault, if the jury believed from the evidence that such a verdict would be more in consonance with the truth of the case than would the verdict for the more heinous crime [assault with intent to commit rape] of which they found appellant guilty." 40 Texas, 486; *Curry* v. *The State*, 4 Texas Ct. App. 574.

The special instructions asked by defendant's counsel and refused by the court presented a part of the law directly applicable to the case, which was not embraced in the gen-

·eral charge, and which it was the duty of the court to have given, whether asked or not, the case being a felony.

Because the court erred in not charging the law applicable to the case under any state of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*