# W. G. VEAL v. THE STATE.

1. AGGRAVATED ASSAULT. — Violent and indecent familiarity by an adult male with the person of a female, against her will, is an aggravated assault.

2. SAME — EVIDENCE. — On trial of an adult male for aggravated assault on the person of a female, by violent and indecent familiarity, it is not competent for the State to put in evidence complaints made by the injured female immediately after the assault, unless they come within the rule of *res gestæ,* and are voluntary, spontaneous, and contemporaneous with and illustrative of the main fact. Otherwise in cases of rape and assaults with intent to commit rape, when in rebuttal it is limited to the purpose of supporting the truth and establishing the accuracy of the testimony of the prosecuting witness.

3. SAME. — The statement of facts in a case of this character need not show *in ipsissimis verbis* that the defendant was an adult male and the injured party a female. *Sufficit* that he is proved to have been a man — preacher and a presiding elder — and she a wife and mother.

4. PENALTY. — When, subsequent to the commission of an offence, but before trial, the punishment affixed by law has been ameliorated, the accused should be punished under the new law, unless he had elected to receive the penalty affixed by the old law.

5. PRACTICE IN COURT OF APPEALS. — The general rule that in misdemeanors this court will not revise errors not saved by bill of exceptions, is subject to exception in cases where it is apparent that a fundamental error has been committed through the misdirection of the jury.

APPEAL from the County Court of Ellis. Tried below before the Hon. A. LANGLEY, County Judge.

The appellant was indicted by the grand jury of Ellis County on the twelfth day of June, A. D. 1879, charged with the commission of an aggravated assault and battery upon a female on the second day of December, 1878. On the twelfth day of August, 1879, he was tried under the indictment, found guilty, and his punishment assessed at a fine of $1,000 ; from which judgment of conviction he prosecuted this appeal.

A statement of the evidence is not necessary to an understanding of the opinion and the points decided.

At the time of the commission of the offence, as also at the time of the presentation of the indictment, art. 2153 of Paschal's Digest was in force, which prescribed the punishment for such offences at a fine of not less than $100 and not more than $1,000, with power in the jury to further assess imprisonment in jail not exceeding two years. By the Revised Penal Code, art. 498, the punishment

is by fine of not less than $25 nor more than $1,000, or by imprisonment in the county jail not less than one month nor more than two years. The case came to trial after the Revised Codes took effect.

. *A. Bradshaw*, *H. Barksdale*, *J. M. Hurt*, *J. E. Hawkins*, and *Anderson Bros.*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J. The indictment in this case charged that appellant, who was an adult male, committed an aggravated assault upon the body of one Mrs. Emma B. Griffin, "being then and there a female." In treating of assaults with intent to have improper connection with a female, our Supreme Court, in Pefferling's case, said : "Any such violent or indecent familiarity with the person of a female against her will, when the latter is the extent of the purpose and intent of the aggressor, is an aggravated assault, and should be punished as such." 40 Texas, 486. Such, from the testimony of the injured female, appears to have been the nature and character of the assault committed by appellant in this instance.

Over objections of defendant, the State was permitted to prove that immediately after the transaction the injured female made complaint of her wrongs to neighbors and relatives. Such evidence is always permissible in cases of rape, and "recent complaint by the person injured, her state and appearance, marks of violence, and the condition of her dress shortly after the alleged occurrence, may be proved as original evidence," provided such evidence "is limited to the purpose, in rebuttal, of supporting the veracity and establishing the accuracy of the testimony of the prosecuting witness." 40 Texas, 486. Such evidence has also been held admissible in cases of assault with intent to commit rape. In these latter cases, the rule admitting it is a clear

innovation upon the general doctrine with regard to hearsay testimony. We think this is extending the rule as far as it should be allowed to go, and we do not believe such evidence is admissible where the indictment only charges an aggravated assault, even though the assault consisted in violent and indecent familiarity with the person of a female, and where the intent was only to have improper connection with her, unless such complaints and declarations come clearly within the rule of *res gestœ;* that is, are voluntary, spontaneous, and contemporaneous with the main fact, illustrative of its character, and are not narratives of a past transaction. *Boothe* v. *The State*, 4 Texas Ct. App. 202; 1 Greenl. on Ev., sects. 102, 108. The court erred in overruling objections to this character of evidence, as complained of in defendant's first and third bills of exception.

Another objection, made for the first time on the argument before this court, is that the evidence does not show specifically that defendant was an adult male. The same objection might with equal propriety be urged against the evidence, in that it did not support the allegation that the injured party was a female. The evidence is equally as strong, if not stronger, as to these facts and allegations than were the proofs in *Tracy* v. *The State*, 44 Texas, 9, where they were held amply sufficient. In this case both parties appeared at the trial, and defendant was spoken of as a man, a preacher, and a presiding elder in his church, whilst the assaulted party, in addition to the fact that she was a wife, was also proven to be a mother.

Other supposed errors, as shown by bills of exception in the record, are not considered tenable, and will not be further noticed.

There is, however, an error in the charge of the court which has not been pointed out by exception or otherwise, but which, owing to the fact that it is fundamental, would of itself require that the case should be reversed. We allude to the twelfth paragraph, or that portion of the charge

which instructed the jury with regard to the punishment for aggravated assault. They were told, in case they found defendant guilty, to assess the punishment by a fine in any sum not less than $100 nor more than $1,000, and that in addition they might imprison in the county jail for any term not to exceed two years. This was the punishment under the old law, which was, it is true, the law in force when the offence is alleged to have been committed. Pasc. Dig., art. 2153. But the punishment having been changed by the Revised Code, art. 498, and the punishment therein being an amelioration of that imposed by the old law, this court held in *Allen* v. *The State*, 7 Texas Ct. App. 298, that the defendant in a similar case was entitled to the punishment prescribed by the new, unless he had elected to receive the penalty affixed by the old law.

To the general rule that this court will not revise errors in misdemeanor cases where exceptions were not reserved in the court below, there is an exception in those cases where it is apparent that a fundamental error has been committed through a misdirection of the jury. *Haynes* v. *The State*, 2 Texas Ct. App. 84; *Spears* v. *The State*, just decided, *ante*, p. 467. And in *Buford* v. *The State*, 44 Texas, 525, it was held that an error in the charge as to the punishment would be ground of reversal, although the defendant had the benefit of a lighter punishment. The judgment is reversed and the cause remanded.

*Reversed and remanded.*