## A. BOULDIN *v.* THE STATE.

1. PENALTY — CHARGE OF THE COURT. — The penalty for the offence must, in a trial for felony, be correctly given in the charge to the jury. If incorrectly given, the conviction must be set aside, notwithstanding the punishment assessed might lawfully have been assessed under a correct charge.

2. SAME — BURGLARY. — In a trial for a burglary committed before the Revised Penal Code took effect, the court below gave in charge to the jury the penalty prescribed by the Code, the *maximum* of which is greater than that prescribed by the law in force when the offence was committed. The jury assessed a term in the penitentiary which is within the limits of the punishment prescribed by either the original or the Revised Penal Code. *Held,* that, the penalty having been incorrectly given in the charge, the conviction must be set aside.

APPEAL from the District Court of Travis. Tried below before the Hon. E. B. TURNER.

The opinion sufficiently indicates the character of the case. The punishment assessed by the jury was a term of five years in the penitentiary.

*Wilson Gregg,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. The indictment, which was for burglary, charged that the offence was committed on the twentieth day of July, 1879. This was before the Revised Penal Code went into effect, to wit, on the twenty-fourth day of July, 1879. The house alleged to have been entered was a mill-house.

Before the adoption of the new Code, the punishment for burglary, where the house entered was not a dwelling-house, was by confinement in the penitentiary " not less than two nor more than five years." Pasc. Dig., art. 2366.

Under the new Code, the penalty for burglary of all kinds is imprisonment in the penitentiary " not less than two nor more than twelve years." Penal Code, art. 711. This is the penalty which the judge instructed the jury they might assess in this case. If it be contended that the mill-house was a dwelling-house because the owners habitually slept therein (Pasc. Dig., art. 2365), then the punishment would have been, under the old law, confinement in the penitentiary " not less than three nor more than ten years." The punishment for burglary under the new law, as will be seen, has been increased instead of ameliorated. A provision of the new Code is that, " when the penalty of an offence is prescribed by one law and altered by a subsequent law, the penalty for such second law shall not be inflicted for a breach of the law committed before the second shall have taken effect. In every such case the offender shall be tried under the law in force when the offence was committed, and if convicted, punished under that law ; except that, when by the provisions of the second law the punishment of the offence is ameliorated, the defendant shall be punished under such last enactment unless he elect to receive the penalty prescribed by the law in force when the offence was committed." Rev. Penal Code, art. 15.

In the case at bar the punishment affixed was five years' imprisonment in the penitentiary, — a punishment which, it is true, might have been assessed under either law. This does not affect the rule ; which is, that the law applicable to the case must be correctly given in charge to the jury, and the penalty is as much a part of the law as any other portion. A conviction cannot be sustained though the punishment assessed is one which might have been lawfully assessed, if the charge of the court with regard to the punishment be

incorrect. *Jones* v. *The State*, 7 Texas Ct. App. 338. Error in the charge as to the punishment will be ground of reversal, although a defendant might have the benefit of a lighter punishment. *Buford* v. *The State*, 44 Texas, 525.

Because the charge of the court did not present the law applicable to the case, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*