### JAKE COHEN *v.* THE STATE.

1. FORNICATION.— CHARGE OF THE COURT which embodies an erroneous instruction as to the punishment prescribed for the offense on trial, is ground for reversal, even though it gave the defendant the benefit of a lighter punishment than that prescribed by the statute.
2. SAME — EVIDENCE.— See evidence held insufficient to sustain a conviction for fornication.

APPEAL from the County Court of Houston. Tried below before the Hon. W. B. WALL, County Judge.

The prosecution was for fornication with one Fanny Simpson, and the punishment, on conviction, was assessed by the verdict at a fine of fifty dollars.

J. A. Carley testified, for the State, that the Simpson women, mother and daughter, occupied a house in the rear of, and about forty steps distant from witness's house and stables. The witness had seen the defendant, on several Sunday mornings, going from towards the house occupied by Fannie Simpson and her mother. He had never seen him come out of the house, and had never seen him going towards it. He had often seen other persons going to the house. Fannie Simpson's reputation for chastity was not good,— nor was that of her mother. The former had borne two illegitimate children.

S. C. Haile testified, for the State, that he lived about one hundred steps from the Simpson place. He had never seen the defendant go into or come out of the house, but had several times seen a man going towards the house whom he took to be defendant. The witness was not positive the man he saw going in the direction of the house was defendant, but from what he had heard supposed that he was.

Harriet Thomas testified that she saw the defendant in the Simpson house on one occasion only. He was sitting in one of the two rooms, smoking a pipe. Fannie Simp-

son was in the room at the time.    The room was lighted. She had never seen defendant going to or from there.

Wm. Denny testified that in passing the Simpson house one night he peeped through a crack and saw the defendant in bed asleep.    A woman whose face he did not see, but whom he took to be Fannie Simpson, also occupied the bed, and she was asleep.    A lamp was burning in the room at the time.    The witness peeped into the room on this occasion through curiosity, and could not say when it was.    At another time he saw the defendant sitting in one of the rooms of the house, and the woman Fannie sitting in the same room, on a bed.    He had never seen the defendant going to or from the house.

Meyer Grabenheimer testified, for the defense, that the defendant clerked in his store, and that he and witness boarded with H. Gemsbeeker, who occupied the witness's residence, about 150 yards distant from the Simpson house.    The most direct and dryest route between the store and the residence passed immediately in front of the Simpson house, around which there was no enclosure.

*Burnet & Nicks*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J.    Appellant was prosecuted by indictment for fornication or habitual carnal intercourse with one Fannie Simpson.    The court charged the jury that if they found him guilty they would assess his punishment by fine not less than fifty nor more than one hundred dollars.    This is not the punishment affixed by the statute. Penal Code, art. 338.    In a criminal case the jury should be distinctly charged as to the punishment which may be imposed by their verdict, and an error in the charge as to such punishment will be ground of reversal although defendant had the benefit of a lighter punishment.    *Buford*

v. *State,* 44 Texas, 525; *Robinson* v. *State,* 2 Texas Ct. App. 390; *Jones* v. *State,* 7 Texas Ct. App. 338.

Over and above the error committed by the court with regard to the punishment, the evidence, in our opinion, fails to sustain the charge in the indictment.   *Tollett* v. *State,* 44 Texas, 95; *Barnell* v. *State,* 5 Texas Ct. App. 113.

The judgment of the court below is reversed and the cause remanded.