[No. 1808.]

## Tobe Turner v. The State.

1. Robbery — Penalty. — Charge of the Court, if erroneous as to the penalty affixed to the offense on trial, even though it be in favor of an accused, will set aside a conviction, whether excepted to or not. In the language of the statute now in force, robbery is punishable "by confinement in the penitentiary for life, or for a term of not less than five years." The charge in this case informed the jury that the punishment was "confinement in the penitentiary for a term not less than five years, or for life." *Held*, a mere transposition of language, and not objectionable on that account.

2. SAME — PRACTICE — PLEA.— The record failing to show that, in entering his
plea of guilty, the accused was "uninfluenced by any consideration of fear,
or by any persuasion, or delusive hope of pardon, prompting him to confess
his guilt," or that evidence was introduced to enable the jury to assess the
punishment, the conviction in this case cannot stand.

APPEAL from the District Court of Tarrant.    Tried below before
the Hon. R. E. Beckham.

The conviction in this case was for the robbery of one J. L.
Moore, in Tarrant county, Texas, on the 9th day of August, 1884.
A term of eight years in the penitentiary was the penalty assessed
by the verdict.

*B. G. Johnson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.    By the law now in force the offense of robbery
is punishable "by confinement in the penitentiary for life, or for a
term of not less than five years."    This is the exact language of the
statute. (Acts 18th Leg., p. 81; Penal Code, art. 722.)    In instructing
the jury as to the penalty in this case, the court transposed the
words of the statute, as follows: "Confinement in the penitentiary
for a term not less than five years, or for life."    No exceptions were
taken to this charge, but it is now insisted by counsel for defendant
that it is erroneous, and that the error is fundamental.

It is well settled that an error in the charge as to the penalty will
set aside the conviction whether the error be excepted to or not, and
even where such error is favorable to the defendant.    (*Buford* v. *The
State,* 44 Texas, 525; *Jones* v. *The State,* 7 Texas Ct. App., 338;
*Bouldin* v. *The State,* 8 Texas Ct. App., 624; *Cohen* v. *The State,* 11
Texas Ct. App., 337; *Wilson* v. *The State,* 14 Texas Ct. App., 524.)

But we are unable to perceive any error in this charge.    The mere
transposition of the words of the statute does not in the least change
the meaning thereof, and the charge is in the precise words of the
statute.    The jury could not have been, and evidently were not,
misled by the failure of the court to explain more particularly that
they could assess the punishment at any term of years not less than
five.    They assessed the punishment at a term of eight years, thereby
conclusively showing that they understood correctly the meaning of
the law and the charge.

But the record fails to show affirmatively that the punishment was
assessed upon a valid plea of guilty, and that evidence was submitted

to the jury to enable them to decide as to the proper punishment to be assessed. It does not appear affirmatively, from the record, that in entering the plea of guilty the defendant was "uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt." (Code Crim. Proc., 518, 519; *Harris* v. *The State, ante,* p. 559; *Paul* v. *The State, ante,* p. 583.)

Because the record does not show a valid plea of guilty, and because no evidence was heard upon said plea, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered February 25, 1885.]