[No. 10,059.]

## THE PEOPLE *v.* F. A. BROWN.

INDICTMENT FOR RAPE.—An indictment for an assault with intent to commit a rape is good, if it allege that defendant made an assault with intent to commit an act of sexual intercourse by force and violence, and against the will of the woman, without alleging that the force and violence was against her resistance.

ASSAULT WITH INTENT TO COMMIT RAPE.—A conviction for an assault with intent to commit a rape will be set aside, if the testimony shows that there was no resistance on the part of the woman, or if there was any, that it was of such an equivocal character as to suggest actual consent, or a not very decided opposition on her part.

APPEAL from the County Court, Humbolt County.

The prosecutrix, Mrs. Julia Dow, and her sister-in-law, Mrs. Lupton, were riding on the same horse, on the public highway, about eleven o'clock A.M. Mrs. Lupton was in the saddle and Mrs. Dow was riding behind. They were going from their home to Mr. Dermott's, and had passed Mr. Turner's house and got within about three quarters of a mile of Mr. Dermott's when they met defendant Brown. The testimony of the two women was, in substance, that Brown said to them, that is a nice way to ride. That Mrs. Dow asked him if he had seen her horse at his place lately, and he replied yes, that it was in the pasture, and if they would go back (Brown lived at the Turner place) and get dinner, he would get the horse for her. She said no, we are going to Mr. Dermott's, and he will get the horse. That the horse was walking, and Brown followed them, insisting on their going back to dinner and he would get Mrs. Dow's horse. That Brown came up and took hold of Mrs. Dow, when she asked Mrs. Lupton to make the horse go faster. Mrs. L. made the horse trot, when Mrs. Dow told her to stop and go slower. That Brown continued walking by her side, when she jumped off the horse and took hold of Mrs. Lupton's hand and walked by the side of the horse. That Brown then put his arm around her waist and threw her down and raised her clothes. That she asked Mrs. Lupton to pull him off and to strike him. That Mrs. L. tried to pull him off, and then struck him with a stick. That Brown was over Mrs. Dow with his privates exposed, and had her clothes up, and unbuttoned her drawers, and pulled them down about her knees, and had her legs apart. That Mrs. L. left and said she would call Mr. Wall, and when she had got away some distance Brown left Mrs. Dow voluntarily. While this was taking place there was no violent struggle, but both women stated that they told Brown to get away.

The charge in the indictment was, that Brown, with force and arms in and upon one· Julia Dow, a female of twenty-one years of age, and not the wife of the said F. A. Brown, feloniously did make an assault with intent then and there

to commit an act of sexual intercourse with the said Julia Dow, by force and violence, and against her will, contrary to the force, form and effect of the statute in such case made and provided.

The defendant was convicted and moved in arrest of judgment, because the indictment was insufficient. The Court overruled the motion. The defendant appealed.

*Chamberlain & De Haven*, for the Appellant.

The motion in arrest of judgment should have been granted, because of the insufficiency of the indictment. The indictment simply alleged that the defendant feloniously made an assault with intent to commit an act of sexual intercourse by force and violence, and against her will. It was deficient in that it did not allege that this force and violence was against her resistance. That is the statutory definition of the offense. (Penal Code, Sec. 261.)

The fact of resistance should have been alleged, or its place supplied with the old common law technical word rape or ravish, which has always been considered necessary to sustain an indictment for a rape. (1 Hale Pleas of the Crown, 628; *Gongleman* v. *People*, 3 Park Cr. Rep. 15; 2 Arch. Cr. Pr. 159 and note.)

Is the evidence sufficient to justify the verdict?

It is in evidence, and undisputed, that the prosecutrix is a large, young, vigorous woman, that she was riding with her sister-in-law, whose father is a near neighbor to defendant, upon a public highway, through a settled country on a Sunday morning, where they were liable to, and actually did meet several people on the road, when they met defendant, who, then and there, made the assault complained of in the presence of a witness who knew him well—where detection was certain, and within one hundred yards of an inhabited dwelling; that the defendant used no discourteous language, nor made any improper advances until the alleged assault; that the prosecutrix voluntarily dismounted from her horse; that during a struggle of from twenty minutes to half an hour defendant said not a word to her, and made no threats of bodily harm.

We say that this non-resistance was an invitation to defendant to persist in his endeavors, and success would be insured over an easy virtue. The evidence should be judged by the same strict rules that were applied in and for the reasons alleged in 1 Hale, Pleas of the Crown, 633. (*People* v. *Hulse*, 3 Hill, 315.)

It is not enough that the defendant used force to accomplish his purpose, he must have used it with the deliberate intention to ravish, at all hazards, by superior force against her will and resistance.

It is not the desire to have carnal knowledge accompanied by fear that constitutes the crime charged, but the felonious intent to ravish at all hazards. (2 Arch. Crim. Pr. 179; 1 Bishop Cr. Law, Sec. 512)

The jury failed to discriminate between the attempted seduction of the prosecutrix and an attempt to ravish.

Attorney-General *Love*, for the People.

By the COURT:

The indictment we think good in substance, though not so well drawn as to become a valuable precedent in criminal pleading. But the evidence falls wholly short of establishing the crime charged upon the defendant. There was no resistance upon the part of the woman, or if there was any, it was of such equivocal character as to fairly suggest actual consent, or at most not a very decided opposition upon her part.

Judgment reversed and cause remanded for new trial.