[Crim. No. 323. Department Two.—April 9, 1898.]

## THE PEOPLE Respondent, v. ANTONIO KUCHES, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF EVIDENCE—PROVINCE OF JURY—APPELLATE JURISDICTION.—The court has appellate jurisdiction in criminal cases on questions of law alone and the propriety of conviction upon the evidence before the court becomes a question of law within the competence of this court only when there is a clear failure of proof; and though the evidence contained in the record may not be very convincing to this court, that a defendant accused of an assault with intent to commit rape intended to accomplish intercourse with the prosecutrix against her consent, and despite any resistance she might make, yet where there is evidence tending to prove the truth of the charge, the deductions of fact from the evidence are within the province of the jury, and where the court that heard the evidence has refused a new trial, its order

will not be disturbed upon appeal for insufficiency of the evidence to justify the verdict.

ID.—QUESTION OF FACT—FAILURE TO MAKE OUTCRY.—The failure of the female to make outcry, though ordinarily tending strongly to discredit her charges, is not conclusive; and it is a question of fact whether the inference of consent to be drawn from her silence was repelled by other circumstances.

ID.—OPPORTUNITY FOR INTERRUPTION AND DISCOVERY.—Though the fact that the assault was committed at a place and time when interruption and discovery must probably have followed any considerable resistance on the part of the female, is a strong circumstance tending to exonerate the defendant of the forcible intent charged, yet the deduction therefrom is one of fact to be determined by the jury, in view of all the evidence before it; and the appellate court cannot say that they were bound to allow it greater weight than they did.

ID.—INDECENCY OF SPEECH—EVIDENCE.—Evidence that the prosecutrix commonly indulged in indecency of speech is not admissible to illustrate the question whether she resisted defendant; it not appearing that such conversation accompanied or invited lewdness of behavior.

ID.—REPUTATION FOR CHASTITY.—If defendant produces evidence of indecent conduct of the prosecutrix with other men, the prosecution may in rebuttal submit evidence of her general good reputation for chastity.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. E. C. Hart, Judge.

The facts are stated in the opinion.

Hiram W. Johnson, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

BRITT, C.—Defendant was convicted of the crime of assault with intent to commit rape. It is claimed that the evidence was insufficient to sustain the verdict. Defendant kept a confectionery shop which fronted immediately on one of the principal streets in the city of Sacramento. About twenty feet from the street entrance of the shop, and separated from the saleroom by a glass partition covered by a lace curtain, was a small back room furnished with tables and chairs; there was an open doorway through such partition at the corner of the saleroom into this smaller apartment, and some shelves were ranged in front of the partition. The female alleged to have been assaulted

was a girl over fourteen but less than fifteen years of age, and, it seems, of rather small stature. According to her testimony, she went into defendant's shop shortly after 12 M. of the day in question intending to buy candy; he seized her by the hand and pulled her into the said smaller room and made her sit on a chair and sat down himself in front of her; he then exposed his genitals and lifted her clothes and was in the act of taking down her drawers when one Healy entered the shop; as soon as defendant heard Healy's footsteps he left her and ran out. From the time defendant first took hold of her hand until said Healy came in she did not say one word, nor did defendant say anything to her; she was much frightened and struggled to get away but he held her; part of the time held both her hands in one of his; she testified, "I wanted to holler out, but couldn't; I was just like something had struck me; I don't know why I could not holler out." She went immediately with Healy to the office of the district attorney and made complaint.

Said Healy was an officer employed by the Society for the Prevention of Cruelty to Children. He testified that he saw defendant through the open front door of the shop pulling the prosecutrix toward said back room; that he "wanted to get good evidence against him," and did not enter the shop until several minutes later; people were continually passing, and anybody looking into the shop could see distinctly what transpired there, but not in the smaller room; that he went in quickly and found defendant holding the girl down, and himself exposed as she stated. In several particulars the testimony of Healy tended to corroborate that of the prosecuting witness, but there were also material discrepancies in their statements. It was in evidence that if there had been any struggle or loud noise in defendant's place of business it would have been heard in an adjacent barber shop which was separated from the former by a thin board partition only, and that none was heard. Defendant denied any attempt at intercourse, but admitted that he wantoned with the girl, and claimed that this was on her invitation. He was then twenty-eight years of age.

The foregoing is an outline, somewhat meager, of the more important evidence on the main issue. As it appears in the printed record it is not very convincing that defendant intended

to accomplish intercourse with the prosecutrix against her consent and despite any resistance she might make (*People v. Fleming*, 94 Cal. 308), and it may be that had the trial court granted a new trial its discretion would have been wisely exercised. This court has appellate jurisdiction in criminal cases on questions of law alone (Const., art. IV, sec. 4); and the propriety of conviction on the evidence before a jury becomes a question of law within the competence of this court only when there is a clear failure of proof. (*People v. Smallman*, 55 Cal. 185.) Here there was evidence tending to prove the charge; by denying the motion for new trial the learned judge of the court below has manifested his satisfaction with its sufficiency; his opportunity to form a correct conclusion upon the weight and effect of the evidence was far better than ours, and his conclusion cannot be disturbed. The failure of the female to make outcry would ordinarily, under the facts appearing, tend strongly to discredit her charges, but it is not conclusive; it was a question of fact whether the inference of consent to be drawn from her silence was repelled by other circumstances. (*State v. Cone*, 1 Jones, 18.) "One person would be paralyzed by fear and rendered voiceless and helpless by circumstances which would only inspire another with higher courage and greater strength of will to resist an assault. A young and timid child might, we think, be easily overpowered and deprived of her virtue before she had an opportunity to recover her self-possession and realize her situation, and the necessity of exercising the utmost physical resistance in order to preserve her virtue." (*People v. Connor*, 126 N. Y. 282. Compare *State v. Cross*, 12 Iowa, 66, 70; 79 Am. Dec. 519.) So of the fact that the assault was committed at a place and time when interruption and discovery must probably have followed any considerable resistance on the part of the female; though it was a circumstance and a strong one tending to exonerate defendant of the forcible intent charged, yet the deduction therefrom was one of fact; in view of all the evidence appearing we cannot say that the jury were bound to allow it greater weight than they did. (*People v. Johnson*, 106 Cal. 289, 295; *Stout v. State*, 22 Tex. App. 339; *State v. Marcks*, 140 Mo. 656; *State v. De Long*, 96 Iowa, 471, opinion.)

Several exceptions were taken relating to the admission of

evidence. The witness Healy was allowed to testify that when
the girl entered defendant's shop, he, the witness, "was then
watching the place"; it is claimed that this carried the assump-
tion that defendant's shop needed watching. But the statement
was proper as part of the narrative of the witness and as tending
to show why his attention was centered on the occurrences in the
shop. (*People v. Ward,* 105 Cal. 339.)

Defendant offered to show that the complaining witness
habitually indulged in lewd conversation, telling indecent
stories, and the like; "not," said his counsel, "as proving un-
chastity, but as showing a depraved and debased mind," and
thus affecting the question whether she resisted defendant.
The acts of unchastity which the defense may prove against
the complaining female in cases of this nature (*People v. Benson,*
6 Cal. 221, 65 Am. Dec. 506) do not, we think, include loose
talk of the kind indicated in defendant's offer—it not appear-
ing that the speeches sought to be proved accompanied, or char-
acterized, or invited to, lewdness of demeanor. To admit such
evidence would open a wide field for investigation; to the
notorious difficulty of proving with accuracy spoken words is
added the consideration that the standard of purity in discourse
is very vague; it varies in different communities and in different
classes of the same community, even in different families of the
same class. Language which would be gross ribaldry to the ears
of some jurors, others would perhaps regard as harmless levity.
We think the evidence in the form offered furnishes no safe in-
dex to the probable conduct of a woman in such cases, and was
properly rejected.

Said Healy was permitted on redirect examination by the dis-
trict attorney to name the superior officers of the Society for
the Prevention of Cruelty to Children—the president "Rev. Dr.
H.," and the secretary, "Rev. Mr. S.," and to say that he obeyed
orders from the latter. We see no material error; on cross-ex-
amination the defense had drawn testimony from the witness
that his compensation as an officer of said society had been con-
tingent in whole or part on convictions obtained; it then became
competent for the prosecution to show that he did not exercise
discretionary authority but was controlled by others. For ex-
ample, a township constable receives pecuniary fees for arrests

and other services in criminal cases; if, in such a case, his credit as a witness should be impugned on this account, we suppose it would be competent to prove in rebuttal that he had arrested on a warrant from a magistrate and not of his own motion. It is not made to appear how the statement of the names of the officers mentioned, even though each has the title "Reverend," could have prejudiced the defendant.

Defendant produced evidence of indecent conduct on the part of the prosecutrix with a certain young man, some time previous to the alleged assault, amounting to solicitation to sexual intercourse. In rebuttal, besides denying the specific charge, the prosecution was allowed to submit evidence of her general good reputation for chastity. This was not improper. (*People v. Tyler*, 36 Cal. 526.) Defendant criticises some instructions given by the court to the jury; we have carefully examined them; understood in their connection with the rest of the charge they contained no error. The judgment and order appealed from should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.