[Crim. No. 112.   First Appellate District.—March 11, 1908.]

## THE PEOPLE, Respondent, v. JOHN F. CAULFIELD, Appellant.

RAPE—SUPPORT OF VERDICT—CORROBORATION OF PROSECUTRIX.—Where upon a conviction of rape, the testimony of the prosecutrix to the commission of the crime, though containing some inconsistencies and particular statements hard to credit, was not inherently improbable, and showed brutal outrages of her person, and was corroborated by her physical condition when found in her room by police officers with defendant and his associates, who were immediately charged by her with the crime in their presence, to which no reply was made, the verdict of conviction is sufficiently supported.

ID.—REVIEW UPON APPEAL—JURISDICTION—QUESTIONS OF LAW.—The appellate court has jurisdiction only to review questions of law; and the sufficiency of the evidence to support a verdict becomes a question of law only where there is an entire failure of proof. Where there is evidence supporting the verdict, a question of law as to its sufficiency cannot arise.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

McGowan, Squires & Westlake, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

KERRIGAN, J.—Defendant was convicted of the crime of rape, and sentenced to the penitentiary for ten years. He appeals from the judgment and from an order denying his motion for a new trial.

The chief point relied upon by appellant, and the only one that merits serious consideration, is the claim that the evidence is insufficient to justify or sustain the verdict. In this behalf our attention is directed to a line of cases in this state which hold that in cases of this character the testimony of the complainant alone, if inherently improbable and uncorroborated, will not support a conviction. (*People* v. *Benson*, 6 Cal. 221, [65 Am. Dec. 506]; *People* v. *Hamilton*, 46 Cal. 540; *People* v. *Brown*, 47 Cal. 447; *People* v. *Ardaga*, 51 Cal. 371.) In those cases the evidence was so improbable as to warrant the conclusion that the verdicts were the result of passion or prejudice. In our judgment, however, the facts of this case do not bring it within the rule laid down in those cases. Here the testimony of the prosecutrix is neither improbable nor uncorroborated. Much of the evidence is of such a character that we cannot with propriety repeat it in this opinion, but that part of it tending to support the verdict of the jury is as follows: "The prosecutrix testified that on September 20, 1906, between 5 and 6 o'clock in the evening, the defendant, accompanied by four other men, entered her room in a lodging-house at 3377 Mission street, San Francisco; that on entering the room defendant grabbed her by her arms, and threw her upon the bed; that she screamed, whereupon defendant choked her, saying, "If you holler again I'll choke your wind off, you damn bitch"; that the men took all her clothes off with the exception of a small undershirt, and that while she was being held each of the five men, including the defendant, had sexual intercourse with her. Her testimony further shows that while Scobie, one of the men who accompanied defendant to the room, was engaged in an act of sexual intercourse with her, she again screamed and called for help; that some one slipped his hand over her mouth, and that she could not cry out again. She further testified that as the result of her resistance her throat was bruised and showed finger marks; that the same was true of her wrist; that her left eye was discolored; that her legs were scratched and bruised.

7 Cal. App.—42

Her testimony was corroborated by two police officers as to her physical appearance and condition, and as to the fact that defendant and others were there. The latter fact defendant admitted, but claimed that he had been there but a short time when the officers arrived. When the officers entered her room, which was at about half-past 1 o'clock in the morning, she exclaimed, "Thank God, you have come to my aid," and complained, "These men have ravished me, outraged me brutally." The defendant and his associates made no reply to this charge. When the officers entered the room the defendant was on the bed, clad only in his pants and shirt, and others of the men present had on even less.

The testimony of the prosecuting witness was thus not uncorroborated; and while, when read as a whole, it has its contradictions, inconsistencies and statements hard to credit, it cannot be said to be inherently improbable. As it was corroborated and not incredible, it follows that the case does not fall within the rule laid down in the cases cited by appellant and to which reference has already been made. In short, there is evidence to support the verdict of the jury, and we cannot therefore say, as a matter of law, that the verdict should be set aside. By the constitution appellate jurisdiction is conferred upon this court in criminal cases in questions of law alone. Consequently when there is evidence to sustain the verdict a question of law cannot arise. (*People* v. *Kuches,* 120 Cal. 569, [52 Pac. 1002]; *People* v. *Logan,* 123 Cal. 414, [56 Pac. 56]; *People* v. *Fitzgerald,* 138 Cal. 39, [70 Pac. 1014]; *People* v. *Heart,* 1 Cal. App. 166, [81 Pac. 1018]; *People* v. *White,* 5 Cal. App. 329, [90 Pac. 471].)

In the case of *People* v. *Kuches,* 120 Cal. 569, [52 Pac. 1002], the court said: "This court has appellate jurisdiction on questions of law alone (Const., art. VI, sec. 4), and the propriety of a conviction on the evidence before the jury becomes a question of law within the competence of this court only when there is a clear failure of proof. (*People* v. *Smallman,* 55 Cal. 185.)"

On the same subject it is said in *People* v. *Logan,* 123 Cal. 414, [56 Pac. 56]: "It is claimed that the evidence is too weak to support the verdict of the jury. If the evidence of the prosecuting witness be true, the verdict has full support therein, and its truth or falsity was a matter essentially

for the jury's consideration. In criminal cases this court's
appellate jurisdiction is limited to matters of law alone,
and the truth or falsity of a witness' statement is essentially
a matter of fact. It is possible that evidence might come
before this court so incredible, so inherently improbable,
so stamped with falsehood upon its face, that the court
would deal with it as presenting a matter of law; but such
a case would be a most exceptional one, and it is not pre-
sented by the record, although it may be said that the cir-
cumstances and conditions enveloping and forming the *res
gestae* of this particular offense are unusual and not en-
tirely convincing.''

We perceive no other matter requiring consideration, and
for the reasons stated above the judgment and order are af-
firmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on May 10, 1908.