[Crim. No. 113.  First Appellate District.—March 11, 1908.]

THE     PEOPLE,     Respondent, v.     GUSTAVE     HENRY
                    SCOBIE, Appellant.

RAPE—SUPPORT OF VERDICT—CORROBORATION OF PROSECUTRIX—QUES-
    TION OF FACT.—*Held,* upon a review of the evidence in this case,
    which is a companion case to that of *People* v. *John F. Caulfield,*
    *supra,* and based upon the same state of facts, the record in each
    case presenting a question of fact for the jury, the testimony of
    the prosecutrix, upon the authority of that case is sufficiently
    corroborated to support the verdict, notwithstanding in this case
    the defense is more full as to the loose character and drinking
    habits of the prosecutrix.

ID.—EVIDENCE UPON MOTION TO PLACE DEFENDANT UPON PROBATION—
    REVIEW UPON APPEAL.—Evidence taken upon the hearing of a
    motion to place the defendant on probation, which forms no part
    of the evidence taken upon the trial of the case, cannot be con-
    sidered upon an appeal taken from the judgment and from an or-
    der denying a new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court in this case, and in the case of *People* v. *Caulfield, supra.*

H. C. & Oliver Dibble, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of rape, and was sentenced to a term of five years at San Quentin. He appeals from the judgment and from the order denying his motion for a new trial. The sole question presented is the sufficiency of the evidence to support the verdict.

This is a companion case to that of *People* v. *Caulfield* (Crim. No. 112), this day decided (*ante,* p. 656, [95 Pac. 666]). The charges in both cases sprang out of the same transaction, and in the two cases the evidence is substantially the same, except that here there was direct proof that the prosecutrix was a woman of loose character, and also stronger evidence that she was addicted to drink. For a statement of this case reference is made to *People* v. *Caulfield, ante,* p. 656, [95 Pac. 666].

The evidence in this case makes a little stronger defense than was presented by the evidence in the Caulfield case, but after all the record in both cases presented a question of fact for the jury.

Counsel for the appellant, in their brief and in the oral argument, referred to testimony which shows that the prosecutrix died of alcoholism, and that before she died she made statements contradictory of her testimony as to the time appellant with his companions came to her room, and as to the rape itself. Appellant, and one Mary McCarthy, and one Nettie Richardson, all state that she said that Scobie did not rape her. This evidence, however, was taken on the hearing of a motion to place appellant on probation, and is not part of the evidence in the case, and therefore cannot be

considered by this court. It may not be out of place, however, to state that the trial court acted upon this showing, and placed appellant on probation; but a few days thereafter, on appellant being brought before the court for a violation of the terms of such probation, he was sentenced to a term of five years in the penitentiary.

For the reasons stated in the case of *People* v. *Caulfield, ante,* p. 656, [95 Pac. 666], and upon the authorities there cited, the judgment and order in this case are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 8, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1908.