[Crim. No. 2239. Second Appellate District, Division Two.—November 22, 1932.]

THE PEOPLE, Respondent, v. HASKELL TOWELL, Appellant.

624

Earl D. Killion for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was charged by information with the crime of rape as defined by subdivision 3, section 261, of the Penal Code. ■ The sole grounds assigned for reversal of the judgment, are that the testimony of the prosecutrix, corroborated by that of a physician, a peace officer, and admissions of the defendant and three of his witnesses was inherently improbable and insufficient to establish that degree of resistance requisite to conviction for the alleged offense. There was much substantial evidence of continuous outcries and struggles in efforts to escape from the defendant prior to the commission of the offense and of the flight of the prosecutrix thereafter, which, together with uncontradicted physical facts, cannot be considered as raising merely such a conflict with the defendant's testimony as might be held as a matter of law to have left a reasonable doubt of guilt. Argument on behalf of the appellant is devoted principally to interpretations of the testimony in the light of asserted inconsistencies, and to casting doubt upon its truth in numerous instances. ■ But it lay exclusively with the trial court to determine as to the credibility of the witnesses, the weight to be given to their testimony, and of the facts proved. "This court has appellate jurisdiction in criminal cases on questions of law alone (Const., art. VI, sec. 4); and the propriety of

conviction on the evidence before the jury becomes a question of law within the competence of this court only when there is a clear failure of proof. (*People* v. *Smallman*, 55 Cal. 185.)" (*People* v. *Kuches*, 120 Cal. 566 [52 Pac. 1002].)  Decisions from other jurisdictions cited by the appellant, while persuasive when they follow in all essential features the case under consideration, are not controlling when the law in this state is well settled. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513].) The appellant has not directed attention to error requiring a reversal upon the record presented.

The judgment and order denying a new trial are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.