[No. 10,179.]

## THE PEOPLE v. DAVID TURLEY.

ERROR IN REFUSING AN INSTRUCTION.—An error in refusing to give an instruction to the jury is cured, if the instruction refused is substantially given in the charge to the jury.

INSTRUCTIONS SHOULD APPLY TO THE FACTS OF THE CASE.—If, on a trial for murder, there is nothing in the facts of the case which tend to reduce the offense to manslaughter, it is not error for the court to refuse to instruct the jury as to what constitutes manslaughter.

MANSLAUGHTER.—No words of reproach, however grievous, are sufficient provocation to reduce the offense of an intentional homicide with a deadly weapon from murder to manslaughter.

JUDGMENT IN CRIMINAL CASE.—If no substantial rights of a defendant convicted of a criminal offense have been interfered with, the judgment will be affirmed.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The facts are stated in the opinion.

*Creed Haymond,* for the Appellant.

*Attorney-General Love and C. T. Jones,* for the People.

By the COURT:

It appears by the bill of exceptions that the homicide in question was committed by the prisoner with a deadly weapon; that the supposed "provocation given by the deceased were words of reproach only;" and that these were uttered by the deceased when very drunk, and when the prisoner was walking away from him. The jury found the prisoner guilty of murder in the first degree, and he was thereupon adjudged to suffer death. The appeal is taken from the judgment and from an order denying a new trial.

1. The first error relied upon is the refusal to give the seventh instruction asked by the prisoner, which instruction was in the following words: "If there is a reasonable doubt whether the defendant at the time of the homicide was capable of deliberation or premeditation, you must not find him guilty of murder in the first degree."

The court, however, gave another instruction (the ninth), asked by the prisoner, and which is in the following words: "Even if you find that the killing was malicious, and therefore murder, yet before you can find that it was murder in the first degree, you must be satisfied beyond a reasonable doubt not only that the defendant knew his act was wrongful, but also that it was the result of deliberation and premeditation.

It being apparent that all that was refused in the seventh instruction asked was given in the instruction last recited, the supposed error committed in refusing the seventh becomes immaterial.

2. There was no error in refusing to instruct the jury that if the prisoner did unlawfully, but without malice, kill the deceased upon a sudden quarrel, or in the heat of passion, the killing would not be murder, but manslaughter only.

The undisputed facts of the case (already recited) did not warrant such an instruction, and the only purpose it could have served would have been to turn the attention of the jury from the case before them to an imaginary case not before them.

3. The court correctly instructed the jury at the instance of the prosecution that no words of reproach, how grievous soever, are sufficient provocation to reduce the offense of an intentional homicide with a deadly weapon from murder to manslaughter. This is the law so long and firmly established in this State that its discussion would be, out of place.

In fact, after an attentive consideration of the ingenious and labored argument submitted for the prisoner, we are unable to discover any reason why we should disturb the judgment rendered below in this case. By the provisions of the Penal Code (Sec. 1258), we "must give judgment without regard to technical errors or defects, or exceptions, which do not affect the substantial rights of the parties." We are satisfied that no substantial right of the prisoner has been interfered with in the trial which has been had.

Judgment and order denying a new trial affirmed and cause remanded with directions to fix a day for carrying the sentence into execution.

Mr. Justice McKINSTRY did not express an opinion.