[No. 20530. In Bank. — September 2, 1889.]

## THE PEOPLE, RESPONDENT, *v.* JUAN MANCHEGO, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT RAPE — INSTRUCTION — SIMPLE ASSAULT. — When a prisoner is charged with an assault with intent to commit rape, an instruction to the effect that if the defendant violently laid hands on the prosecutrix with the intent by force to overcome her to such an extent as to have an improper connection with her, but not of forcibly ravishing her, he would then be guilty of a simple assault, is correct.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. B. Dillard,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was charged with an assault with intent to commit rape.

He was convicted of simple assault. From the judgment and an order refusing a new trial he has appealed.

The points made for the reversal of the judgment are: 1. That the court erred in its last instruction to the jury; 2. That there was no evidence to support the instruction complained of, or the verdict of the jury. The instruction is: "I charge you, gentlemen, that if the defendant assaulted the prosecutrix here, and laid violent hands upon her, although his intent may not have been to ravish or rape her, yet if his intent was by this force to

overcome and seduce her, he may be guilty of an assault, and if you find that he did lay hands upon her violently, with the purpose, not of actually and by force ravishing her, but by force to overcome her to some extent; you will be justified, if you find those facts, to find him guilty of simple assault. Simple assault is an unlawful attempt, coupled with a present ability to commit a violent injury on the person of another."

It was said in the case of *Commonwealth* v. *Meim*, 14 Gray, 417: "The facts in the present case resemble those proved in *Rex* v. *Nichol*, Russ. & R. C. C. 130, where it was shown that a teacher took very gross and indecent liberties with a female scholar under his control, of tender years, without her consent, and it was held that he was rightfully convicted of an assault."

"There was ample proof of gross indecency and lewdness, and of an attempt by long-continued and urgent solicitations and inducements, to lead the prosecutrix to consent to the wish of the prisoner to have sexual intercourse with her. These facts would have been sufficient to warrant a jury in finding the defendant guilty of an assault." (1 Russell on Crimes, 8th Am. ed., 752.)

"Obviously, there is a manifest distinction between an assault to commit a rape and an assault with intent to have an improper connection. Any such violent or indecent familiarity with the person of a female against her will, where the latter is the extent of the purpose and intent of the aggressor, is an aggravated assault, and should be punished as such." (*Pefferling* v. *State*, 40 Tex. 493.)

The instruction to which exception is taken did not inform the jury that the defendant would be guilty of a simple assault if his intent was merely to seduce the prosecutrix with her consent. It was to the effect that if he violently laid hands on her with the intent by force to overcome and have an improper connection with her, but not of forcibly ravishing her, he would then be guilty

of simple assault; and under the authorities it was correct.

The prosecutrix was a girl who was about thirteen and a half years old at the time of the alleged assault, and was an orphan residing with her grandmother. The defendant was married to her step-mother, and she had known him for eight years.

The defendant induced her to meet him by leaving a note for her in a book on a table at her aunt's, where she was then staying. The place of meeting was in a dry creek bottom, where the note directed her to go. There he took hold of her, threw her down, and performed certain indecent and violent acts upon her person, unnecessary to describe, which she resisted and then screamed, when he let her go and went away on horseback.

We think the evidence warranted the instruction and the verdict, and advise that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.