[No. 20886. In Bank. — April 7, 1892.]

THE PEOPLE, RESPONDENT, *v.* SAMUEL J. FLEM-ING, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO RAPE — EVIDENCE OF PROSE-CUTING WITNESS — PRIMA FACIE CASE. — A conviction of an assault with intent to commit rape will be sustained upon the evidence of the prosecuting witness alone, if it is sufficient to prove such crime; but if the evidence of the prosecuting witness does not establish a *prima facie* case, and there is no other evidence against the defendant, a judgment of conviction will be reversed.

ID. — MEASURE OF PROOF REQUIRED — INTENT TO COMMIT RAPE AT ALL EVENTS. — In order to find a defendant guilty of an assault with intent to commit rape, the assault must have been made with an intent to per-petrate the crime at all events, notwithstanding all possible resistance that could be made by the prosecutrix.

ID. — ATTEMPT TO SEDUCE — ABSENCE OF FORCE. — Where the evidence shows that the defendant sought to accomplish the purpose of seduction by promises, persuasions, and arguments, without threats of violence, and that he voluntarily left the bed of the prosecutrix and retired to an adjoining room, where he passed the remainder of the night, at the very moment when, according to the statement of the prosecutrix, she was exhausted, and her refusals and opposition had ceased, a judgment of conviction of an assault with intent to commit rape will be reversed, as not sustained by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Thomas J. Carran,* and *C. W. Pendleton,* for Appellant.

There was no evidence given by the prosecuting wit-ness or by others in the case to support a conviction of the crime charged. (*People* v. *Benson,* 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Brown,* 47 Cal. 447; *People* v.

*Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *Lind* v. *Closs*, 88 Cal. 6; *People* v. *Bransby*, 32 N. Y. 532; *People* v. *Dohring*, 59 N. Y. 374; 17 Am. Rep. 349; *Smith* v. *State*, 12 Ohio St. 466; 80 Am. Dec. 355.) The testimony of the prosecutrix alone did not establish such resistance on her part as would make the charge which she presents against the defendant one which was done against her will and resistance. (*People* v. *Dohring*, 59 N. Y. 383; 17 Am. Rep. 349; *People* v. *Brown*, 47 Cal. 447; *People* v. *Benson*, 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Morrison*, 1 Park. Cr. 625; *Oleson* v. *State*, 11 Neb. 276; 38 Am. Rep. 366.) To constitute the crime charged, it was necessary to prove that the defendant intended to have sexual intercourse with the prosecutrix by force or violence, and against her will and resistance; but the evidence of the prosecutrix clearly establishes the fact that that was not the defendant's intention. (*State* v. *Kendall*, 73 Iowa, 255; *State* v. *Canada*, 68 Iowa, 397; *People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Dohring*, 59 N. Y. 374; 17 Am. Rep. 349; *People* v. *Bransby*, 32 N. Y. 525.) The failure of the prosecuting witness to give immediate notice of the assault was a strong circumstance to reflect discredit upon her entire testimony, and warrants a reversal of the judgment because of insufficiency of testimony alone. (*People* v. *Benson*, 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Hamilton*, 46 Cal. 540; *People* v. *Brown*, 47 Cal. 447; *People* v. *O'Sullivan*, 104 N. Y. 481; *Oleson* v. *State*, 11 Neb. 276; 38 Am. Rep. 366; *Higgins* v. *People*, 58 N. Y. 377; *Whitney* v. *State*, 35 Ind. 506.)

*Attorney-General Hart*, and *Deputy Attorney-General Jackson*, for Respondent.

A conviction can be had and will be sustained, in such a case as this, upon the uncontroverted evidence of the prosecutrix alone. (*People* v. *Stewart*, 90 Cal. 212; *People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; 2 Bishop's Crim. Proc., sec. 962.) The question as to the intent with which the assault was committed is a question of fact, and if there was evidence tending to prove that

the intent was as alleged in the indictment, the verdict will not be set aside on the ground that the evidence is insufficient to sustain the verdict. (*People* v. *Estrada*, 53 Cal. 601.)   Convictions were sustained in the following cases: *Bailey* v. *Commonwealth*, 82 Va. 107; 3 Am. St. Rep. 87; *Fry* v. *Commonwealth*, 82 Va. 334; *Glover* v. *Commonwealth*, 86 Va. 382; *People* v. *Connor*, 9 N. Y. St. Rep. 674.   The fact that the defendant voluntarily abandoned the evil purpose did not render his act one for which he could not be indicted, where he had proceeded so far before abandoning his purpose as to render his act an indictable offense.   (*Glover* v. *Commonwealth*, 86 Va. 382; *Lewis* v. *State*, 35 Ala. 380; *People* v. *Connor*, 9 N. Y. St. Rep. 674.)

GAROUTTE, J. — The defendant was convicted of an assault with intent to commit rape, and now appeals from the judgment and order denying his motion for a new trial.   The prosecuting witness was a servant girl of the age of twenty-four years, doing the housework for defendant and his family.

The errors of law relied upon by counsel for a reversal of the judgment are not well taken, and the only question remaining is, whether or not the evidence is sufficient to support the verdict of the jury.   The events which occurred at the time the alleged assault was committed, as depicted by the prosecuting witness and the defendant, are directly contradictory in all essentials, and under those circumstances the finding of the jury to the extent that it involved the veracity of these two parties will not be disturbed.   The testimony, as disclosed by the record upon all salient matters pertaining to the commission of the offense, consists of the evidence of the prosecuting witness alone; still, if her evidence was sufficient to prove the crime, and the jury gave credence to it, the verdict should be upheld. (*People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126.)   After a careful examination of the evidence of the prosecuting witness, conceding it to be true in all particulars, we conclude

that it does not establish a *prima facie* case of the crime of assault with intent to commit rape.

Section 261 of the Penal Code reads: "Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: . . . . 3. Where she resists, but her resistance is overcome by force or violence."

In Russell on Crimes, 692, the author quotes with approval the principle laid down in *Rex* v. *Loyd*, 7 Car. & P. 318, wherein it was held: "In order to find the prisoner guilty of an assault to commit a rape, you (the jury) must be satisfied that the prisoner, when he had hold of the prosecutrix, not only desired to gratify his passions upon her person, but that he intended to do so at all events, and notwithstanding any resistance on her part." In the case of *State* v. *Hagerman*, 47 Iowa, 152, the court said: "The assault must have been made with intent to commit a rape, notwithstanding all possible resistance that could be made. The intent must have been to perpetrate the crime at all events, regardless of what the prosecutrix might or could do to prevent it." This principle of law is supported by the great weight of authority, and cannot be questioned. It would subserve no good purpose here to recite the evidence of the prosecutrix as to the *res gestæ* of the accusation. By her testimony it is apparent that defendant desired to have sexual intercourse with her, and that he committed either an assault or a battery upon her, of a technical character at least, while engaged in his solicitations and blandishments, but these things may all be true and be entirely foreign to any intention on his part to commit the crime of rape by the use of force to the extent of overcoming all resistance she might offer.

In the case of *Commonwealth* v. *Merrill*, 14 Gray, 415, 77 Am. Dec. 336, the facts were very similar to the facts adduced by this record, and the court reversed the judgment upon the weakness of the evidence, and ordered a new trial. In that case the court said: "We think it entirely clear that the evidence at the trial of this case

fell far short of proving any intent by the prisoner to have carnal knowledge of the prosecutrix by force and against her will. There was ample proof of gross indecency and lewdness and of an attempt by long continued and urgent solicitations and inducements to lead the prosecutrix to consent to the wish of the prisoner to have sexual intercourse with her. These facts would have been sufficient to warrant a jury in finding the prisoner guilty of an assault. . . . . It is therefore necessary that the acts and conduct of the prisoner should be shown to be such that there can be no reasonable doubt as to the criminal intent. If these acts and conduct are equivocal, or equally consistent with the absence of the felonious intent charged in the indictment, then it is clear that they are insufficient to warrant a verdict of guilty."

As was said in *Pefferling* v. *State,* 40 Tex. 493: " There is a manifest distinction between an assault to commit a rape, and an assault with intent to have an improper connection. Any such violent or indecent familiarity with the person of a female against her will, where the latter is the extent of the purpose and intent of the aggressor, is an aggravated assault, and should be punished as such." This principle was also approved in the late case of *People* v. *Manchego,* 80 Cal. 306.

Upon an examination of the record in the case of *People* v. *Brown,* 47 Cal. 447, we find more evidence to support the verdict than in the present case, yet the court said: " The evidence falls wholly short of establishing the crime charged upon the defendant."

In the light of the evidence before us, we think the conduct of the defendant did not indicate that settled purpose to use whatever force was necessary upon the prosecutrix to accomplish the consummation of his desires, and that is the test the law demands in order that his guilt should be adjudged. It can hardly be said that the defendant used force to any degree, and from all the circumstances of the affair, it would appear that physical force was not an element in his mind in

attempting to carry out his intentions. There was no duress upon the part of the prosecutrix, no fear of personal violence, for there were no threats of violence. The defendant sought only to accomplish his purpose by promises, persuasions, and arguments. The *intent* to commit the rape is the vital element in the case. A rape was not accomplished, hence the intent of the defendant must be determined from his acts and conduct. If he had intended to use force in carrying out his purpose, why was it not done? Why was not the crime of rape committed? It is conceded the woman was not possessed of a sufficient power of resistance, if he had used physical force. The law says there is no intent to commit rape unless a defendant is resolved to use all force necessary to carry out his designs. He could have carried out his designs by using force, but at the very moment when his success was assured, when, according to her statement, she was exhausted, and her refusals and opposition to his desires had entirely ceased, at that moment he voluntarily left her bed and retired to an adjoining room where he passed the remainder of the night. His departure was no flight, for there was no alarm; there was no danger of discovery; and the conduct of the defendant at this time was entirely inconsistent with that of the would-be ravisher. The acts and conduct of the defendant were not only equivocal, and consistent with the absence of a felonious intent to commit a rape, but the evidence preponderates to the affect that the accused depended for success in the accomplishment of his design upon the solicitations and blandishments of the seducer, rather than upon the physical force necessary to constitute the crime here charged. (See *State* v. *Canada,* 68 Iowa, 397; *People* v. *Royal,* 53 Cal. 62.)

Let the judgment and order be reversed, and the cause remanded.

DE HAVEN, J., McFARLAND, J., PATERSON, J., HARRISON, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.