[No. 21065.   Department Two.—July 25, 1894.]

THE   PEOPLE,  RESPONDENT,  *v.*  JOSE   ANTONIO
CHAVEZ, APPELLANT.

CRIMINAL LAW—RAPE—ASSAULT—INSTRUCTIONS—LESSER OFFENSE—AP-
PLICABILITY TO EVIDENCE.—An assault with intent to commit rape, as
well as a simple assault, are included within the offense of rape; but if
there is no evidence tending to reduce the offense of rape charged in
the information, the court is justified in refusing to instruct the jury
that the defendant might be convicted under the information of an
assault with intent to commit rape.

ID.—PENETRATION—CONFLICT—EXPERT EVIDENCE.—The slightest penetra-
tion is sufficient to constitute the offense of rape; and where the evidence
of the prosecution is clear and convincing that the crime of rape was
committed, and there is no contradictory evidence upon the part of the
defense other than the testimony of expert medical witnesses upon the
probability of an actual penetration having occurred, such evidence is
insufficient to create a conflict or doubt as to the fact of penetration
having occurred.

APPEAL from a judgment of the Superior Court of San
Diego County.

The facts are stated in the opinion of the court.

*Daney & Wright,* for Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney
General Charles H. Jackson,* for Respondent.

The COURT.—The defendant was convicted of the
crime of rape upon Rebecca A. Foss, a widow, aged
fifty-seven years.   He appeals from the judgment and
from an order denying his motion for a new trial.

The court refused to give the jury an instruction, at
the request of the defendant, to the effect that under the
information charging the crime of rape the defendant
might be convicted of an assault with intent to commit
rape.   The ruling of the court in this regard rested
upon its opinion that there was no evidence to support
an instruction of that character.   This is the only
assignment of error demanding any special considera-
tion, and the proper disposition of it depends upon the

nature of the evidence placed before the jury at the trial. For while it may be conceded that an assault with intent to commit rape, as well as a simple assault, are included in the offense here charged, still if there was no evidence tending to reduce the offense from that charged in the information, the court was entirely justified in refusing to give the instruction requested. This principle has been repeatedly recognized and approved by this court in the trial of defendants charged with murder, where instructions have been asked and refused pertaining to the offense of manslaughter. (*People* v. *Turley*, 50 Cal. 469; *People* v. *Lee Gam*, 69 Cal. 552.)

Upon an examination of the record we think the court committed no error in refusing the instruction asked. The evidence upon the part of the prosecution is direct, clear, and convincing that the crime of rape was committed. The outrageous and brutal manner in which the defendant's victim was maltreated and assaulted need not be detailed. Upon the part of the defense there is no evidence contradictory to that introduced by the prosecution, save the testimony of certain medical gentlemen who were placed upon the witness-stand as experts upon the probability of an actual penetration having occurred. We think the evidence wholly insufficient to create any conflict in this particular. The slightest penetration is sufficient to constitute the offense, and the expert evidence cannot be said to cast a doubt upon the fact of such penetration having occurred.

The judgment and order are affirmed.