[No. 1347.     March 4, 1911.]

TERRITORY OF NEW MEXICO, Appellee, v. DANIEL ARCHULETA, Appellant.

SYLLABUS (BY THE COURT).

1. A question which calls for an expression of the opinion of the witness as to the "guilt" of a person involved in an alleged breach of the peace was properly excluded.

2. A question whether, at a certain juncture, the de-

fendant "had his pistol drawn on" the man who was killed, does not call for an opinion of the witness which is open to objection.

3. The evidence reported would not have warranted an instruction to the jury that a verdict could properly be rendered finding the defendant guilty of manslaughter.

Appeal from the District Court for Socorro County, before MERRITT C. MECHEM, Associate Justice. Affirmed.

A. A. SEDILLO and J. A. LOWE for Appellant.

Opinion evidence. Robinson v. State, 57 S. E. Rep. 315; Hill v. State, 34 So. Rep. 406; Elliott, secs. 833-853; Greenleaf, sec. 434; 8 Enc. P. & P. 80, 85; Stephens Dig. 588.

Leading question. Elliott, secs. 833-853; Stephens Dig. 588; 8 Enc. P. & P. 80-85; Wigmore, sec. 775; Greenleaf, sec. 434.

Res Gestae. Thompson v. State, 113 S. W. 536; Hull v. State, 100 S. W. 403; Smith v. State, 90 S. W. 638; Fonseca v. State, 85 S. W. 1069; Lyles v. State, 86 S. W. 763; People v. Linares, 75 Pac. 308; Robinson v. State 44 S. E. 985; Thomas v. State, 72 S. W. 178; C. L. 1897, sec. 2992.

Instructions. Territory v. Young, 2 N. M. 93; Territory v. Nichols, 2 Pac. Rep. 78; Territory v. Salazar, 5 Pac. 462; Territory v. Faulkner, 30 Pac. 909; Territory v. Friday, 42 Pac. 62; Territory v. Vialpando, 42 Pac. 64; Dadd v. Moore, 91 Ind. 522; Lehman v. Hawks, 23 N. E. 670; 6 Current Law 1948; 12 Current Law 1542.

FRANK W. CLANCY, Attorney General, for Appellee.

Errors urged not open to review in this court. Thompson v. Riggs, 5 Wall. 675; Clune v. U. S., 159 U. S. 593; Hack v. State, 124 N. W. 495.

Instructions as to manslaughter would have been erroneous. Territory v. Hendricks, 13 N. M. 311; Territory v. Clark, 99 Pac. 697; Territory v. Fewel, 5 N. M. 43.

Territory v. Archuleta, 16 N. M. 219.

## STATEMENT OF THE CASE.

The defendant, here the appellant, was tried for the murder of Ysaias Carmody at the March Term, 1910, of the Seventh District Court for Socorro County, and found guilty of murder in the second degree. A motion for a new trial was made and overruled and an appeal taken to this court. It appeared from the evidence that the appellant and Carmody had a quarrel at a house of ill-fame, in Magdalena, at which a shot was fired by Carmody from a pistol which he somehow got. from Archuleta, but there was a conflict of evidence as to whether it was fired accidentally, or purposely.. Carmody went from there to a saloon, upwards of half a mile away, of which he was the proprietor. The appellant soon after went there and entered the saloon where Carmody was, with a pistol in his hand. A by-stander took him outside and got the pistol from him. He said he would get another pistol, come back and kill Carmody and the rest, or words to that effect. Thirty or forty minutes later he did return with a pistol, as Carmody and others were coming out of the saloon, called on Carmody to give him his pistol, to which Carmody replied: "Here it is," or "Here it is, you cuckold," taking it. from his pocket, and the appellant then shot Carmody, inflicting a mortal wound. The pistol which Carmody held was discharged, but whether purposely, or accidentally when Carmody fell, was not made certain by the evidence.

## OPINION OF THE COURT.

ABBOTT, J.—The first alleged error discussed in the briefs is that a witness for the Territory, who had testified as to what occurred at the house of ill-fame between the appellant and Carmody, should have been allowed, against objection, to answer the question put to him on re-cross examination: "Had there not been a breach of the peace committed prior to that time down at the house of the woman of ill-fame, in which a deadly weapon had been discharged, and from which breach of the peace the guilty man had gone away armed and was still armed?" The ground of objection was not specified

by the attorney for the Territory, but it is clear that the question called for the opinion of the witness as to the guilt of the person referred to in the question, and was objectionable on that ground, if no other.

The second assignment of error is that a witness for the Territory was permitted, against objection, to answer the question whether or not the appellant "had a pistol drawn on Carmody" at the moment when he told the latter to give him his gun. No ground of objection was stated at the time, and for that reason we cannot, as this court has many times held, properly review the action of the court in overruling it, but even if we could, the ground now assigned, that it called for an expression of opinion by the witness is untenable. The meaning of the question fully expressed was: Did he have his pistol in his hand pointed at Carmody? And the answer to that involved no expression of opinion beyond what is ordinarily found in statements as to what a witness has seen. If it had then been objected that the question was leading, the court might have required it to be put in different form, but it does not appear that any such objection was made.

The other assignment of error relating to the admission and exclusion of testimony, are not based on anything in the record which affords ground for the argument in relation to them in the brief for the appellant.

An assignment of error of a more serious nature is that which concerns the omission of the trial court to instruct the jury on manslaughter. It is not shown by the record we have that any objection was made at the time to this omission, or any request made to instruct on that point. But, even if that had been done, the evidence is not such as to warrant an instruction that the jury could properly find the defendant guilty of manslaughter.

The evidence made it clear that he did not kill Carmody "upon a sudden quarrel, or in the heat of passion," or "in the commission of an unlawful act not amounting to a felony," or "of a lawful act which might produce death in an unlawful manner, or without due caution and cir-

cumspection," so as to make the act "manslaughter," as defined in Chapter 36, Laws of 1907, People v. Turley, 50 Cal. 469; Allen v. United States, 164 U. S. 492, 496. If the court had instructed that the defendant could be convicted of manslaughter on the evidence and the jury had found him guilty of that crime, there would probably been a reversal by this court. Territory v. Hendricks, 13 N. M. 311; Territory v. Clark, 99 Pac. 697; Territory v. Fewel, 5 N. M. 43-4. The judgment of the District Court is affirmed.