[Crim. No. 504.  Third Appellate District.—October 16, 1920.]

THE PEOPLE, Respondent, v. RALPH BACA et al., Appellants.

[1] CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SELF-DEFENSE —EVIDENCE—INSTRUCTIONS.—In a prosecution for the crime of assault with a deadly weapon, instructions on the law of self-defense are properly refused where no showing of self-defense appears and there is nothing in the testimony or evidence in the case which calls for instructions thereon.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank A. Henning for Appellants.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

NICOL, P. J., *pro tem.*—Defendants were charged by information of the crime of assault with a deadly weapon, committed in the county of San Joaquin, and upon a trial they were convicted of the offense charged. They moved for a new trial, which motion was denied and judgment was pronounced that each defendant pay a fine of $360.

[1] Appellants contend that on account of the trial court's refusal to give any instructions on self-defense they are entitled to have the judgment reversed and a new trial granted.

It appears from the evidence that the defendants entered the restaurant of the prosecuting witness Aurelio Torres, in the city of Stockton, at about 11:30 P. M., on the third day of November, 1919. The defendant Baca placed a nickel in the slot of the piano and no music followed. He complained about the failure of the piano to play and Aurelio Torres returned a nickel to him, and ordered him and his companion Angel Lopez out of the place. They remained inside and commenced to call Torres

a robber, whereupon Torres ejected them from the room. They returned, each with a knife in his hand, and the defendant Baca cut Torres on the right arm. The testimony of Baca shows that there was no claim whatever that he was acting in self-defense and was, therefore, not entitled to any instruction on the law of self-defense. (*People* v. *Turley,* 50 Cal. 469.) He testified as follows: "Q. Well did you come back at any time? A. No, sir. Q. Did you cut anybody? A. I went across and fell down. Kind of in the middle of the street; then I went across and looked for help, for an officer, over to the Main Street. Q. Who were you looking for? A. Looking for an officer. Q. Did you ever at any time that evening take a knife out of your pocket? A. No, sir. Q. Are you positive of that? A. Yes, sir. Q. Did you at any time cut anyone? A. No, sir. Q. Did you at any time ever have a knife open that evening? A. No, sir. . . . Q. But you are positive you never cut anyone that night? A. I am sure not."

By this testimony the defendant Baca denies that he had a knife in his hand that night, or that he cut anyone and, therefore, there is nothing in his testimony on which to base any claim that he was acting in self-defense as concerns the cutting.

As to the defendant Angel Lopez there is also nothing to show that he, as an aider and abettor of Baca, was acting in self-defense. No showing of self-defense appears and there is nothing in the testimony or evidence in the case as to either defendant which called for instructions on self-defense.

The judgment and order appealed from are affirmed.

Burnett, J., and Hart, J., concurred.