[Crim. No. 3516.   Second Dist., Div. One.   Feb. 9, 1942.]

THE PEOPLE, Respondent, v. MAURICE ROBINSON, Appellant.

R. E. O'Neill for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—To an information accusing him of the crime of robbery defendant entered a plea of not guilty and admitted, as charged, that he had suffered a prior conviction of a felony. After trial before the court, a jury having been waived, defendant was found guilty of robbery in the second degree. From the judgment of conviction and from the order denying his motion for a new trial he prosecutes this appeal, urging, as his sole ground for reversal, that the evidence is insufficient to support the judgment.

From the evidence adduced by the prosecution, it appears that on the evening of April 21, 1941, at or near midnight, the complaining witness, James H. Staples, and a party of friends, went to a night club on Central Avenue in Los Angeles, where they met the defendant, who said he

was the head waiter and would get them a table. The party ordered Coca Colas, and Staples had a bottle of whiskey which he passed around. The defendant was seated at or near the table of Staples' party. About one o'clock defendant appeared to be sick, and asked Staples to take him out so that he could get some fresh air. After they got outside and walked around the corner, defendant asked Staples how much money he had, and Staples replied that he did not have any. Then, according to Staples' testimony, defendant "made a pass" at him, and reached over and put his hand in Staples' left trouser pocket, whereupon Staples struck at defendant. At that moment someone grabbed Staples and started to choke him; he was hit on the head and knocked unconscious. When he recovered consciousness he found his billfold, bank book and money were gone.

About three o'clock on the morning of April 22d, police officers, in answer to a call, came to 1032 East 42d Street, about one and one-half blocks from the night club, where they found defendant attempting to enter the house, claiming that he lived there. Upon ascertaining from defendant that his address was 1338 East 48th Place, the officers took him to that address, where he was admitted. About five minutes after the officers left defendant, they received a radio call describing defendant as being wanted for robbery, whereupon they returned to defendant's home and arrested him. While the defendant was being removed from the premises at 1032 East 42d Street, one of the officers found Staples' billfold, bank book and driver's license lying on the sidewalk in front of the house. One of the officers testified that when they found the defendant on 42d Street he appeared to have been drinking; that he was unbalanced, but "not down"; that he could walk without support; that his answers were coherent, except as to where he lived.

In his own behalf defendant testified that he was not a waiter or head waiter at the night club; that he met the complaining witness, Staples, and his party, at the club, and at Staples' invitation had several drinks between midnight and two o'clock; that about a quarter of two Staples suggested going out for more whiskey; that about two o'clock defendant began to feel sick, and that he went outside with Staples; that he remembered Staples' talking to two men on the sidewalk, but that he, the defendant, continued down the street; that he was feeling sick and wanted to sit down some place.

The defendant asserted that he did not assault Staples. He testified that he did not see Staples again until he was taken to the police station; that he did not know how long he was on the porch at 1032 East 42d Street; that he took no part in any robbery or assault of the complaining witness. In rebuttal, Staples testified that as they left the club defendant said, "Hello, boys," to two men on the sidewalk, but that they left them behind and continued down the street.

In support of his contention that the evidence is insufficient, appellant points out that he did not flee from the scene of the crime; that the evidence does not show possession by him of the fruits of the robbery, nor is there any evidence that appellant had anything to do with the placing of the billfold and papers where they were found on the sidewalk, and that no connection is shown between appellant and the person or persons who assaulted Staples. It is just as reasonable, argues the appellant, to suspect that Staples was assaulted and robbed by unknown persons acting independently, as to believe that appellant, feigning drunkenness, lured Staples out of the club to be robbed by appellant and his accomplices. This contention cannot prevail. If the account of the complaining witness be accepted, then the trial court's finding of appellant's guilt is amply supported. In addition to the evidence which placed appellant at the scene of the robbery at the time it occurred, the record contains, as hereinbefore stated, the positive testimony of the complaining witness that appellant was attempting to rob him at the moment the complaining witness was struck down by a blow on the head. If the testimony of Staples be true, then appellant's version of what occurred, to-wit, that he was drunk and sick, and that he staggered on down the street, leaving Staples talking to two men near the cafe, must be false, as must also be his testimony that the two men were unknown to him. As to appellant's alleged drunkenness, the testimony of the complaining witness, members of his party, and the police officer, would warrant the conclusion that while appellant had been drinking, he was not drunk. Appellant himself testified that he did not begin drinking until about midnight, and that he had "two or three" drinks. Appellant testified that he did not go out with Staples until after two o'clock, but it was stipulated at the trial that police officers, if called, would testify that the crime was reported at 1:50 a. m.

Nothing is more firmly established in the law of this state

than the rule that an appellate court may not substitute its judgment on the facts for that of the jury or trial court, and that before the verdict of the jury or the judgment of the trial court can be set aside on appeal upon the ground of insufficiency of the evidence to support it, it must be made clearly to appear that upon no hypothesis whatever is there substantial evidence to support the conclusion of the trial court. (*People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389] ; *People* v. *Tedesco,* 1 Cal. (2d) 211 [34 Pac. (2d) 467].) The jury, or as in this case the trial court, when a jury is waived, is the exclusive judge of the credibility of witnesses (Code Civ. Proc., sec. 1847) and of the value and effect of the evidence presented. (Code Civ. Proc., sec. 2061.) It necessarily follows that the trial court in this case was authorized, if it conscientiously felt warranted in so doing, after full and fair consideration thereof, to reject appellant's version of the affair and accept as true the testimony of the complaining witness and the other evidence of the prosecution, and therefrom to draw an inference of appellant's guilt.

An examination of the record discloses no prejudicial error. The judgment and the order denying defendant's motion for a new trial are, and each is, affirmed.

York, P. J., and Doran, J., concurred.