[Crim. No. 2401. First Dist., Div. One. July 3, 1946.]

THE PEOPLE, Respondent, v. WILLIE WOODS,
Appellant.

Alexander Mooslin for Appellant.

Robert W. Kenny, Attorney General, Carl W. Wynkoop, Deputy Attorney General, Edmund G. Brown, District Attorney, and Edmund J. Dunning, Deputy District Attorney, for Respondent.

WARD, J.—This is an appeal from a judgment of conviction of defendant of an assault with intent to commit rape as charged in the information. The defendant was tried by the

court sitting without a jury. No motion for a new trial was presented.

██ In the early morning hours of August 27, 1945, the complainant was "running down the street from taking my girl friend home. . . . All at once I heard a fast click of heels behind me, and I was grabbed from behind" and turned around. "Well, I said 'No.' And he said 'Yes.' And then he hit me in the eye and threw me down. . . . Then he was on top of me, and he told me if I screamed once more he'd cut me to pieces." Several times defendant reached for his pocket, pulled the complainant's dress up and made remarks, from which the trial court was justified in drawing an inference that the assault was with intent to commit rape. About this time complainant's boy friend appeared on the scene whereupon defendant jumped up and ran away. The boy friend did not follow, but complainant explained that she told the boy friend to leave him alone; "he had a knife." At a later date the complainant recognized the defendant on the street and his arrest followed. There is some evidence that complainant and her boy friend had been celebrating complainant's birthday in inns, restaurants and bars during the evening. Complainant testified that she was not drunk but "high all through the night."

██ No errors of law are raised and none have been discovered in the reading of the transcript. In the opening brief the appeal is based upon the insufficiency of the evidence generally. In appellant's reply brief two new points are urged, namely, that there is no evidence that the complaining witness was not the wife of appellant, and that there was no intent proved in relation to the purpose of the assault. In the closing brief appellant states: "Assuming that all of the testimony as set forth in the Reporter's Transcript be true, what crime was involved? Answer: Simple assault at the most." Although it is improper to raise new points in a closing brief, in view of the general claim of the insufficiency of the evidence in the opening brief, the entire transcript has been examined. The evidence shows that defendant testified that he was married, the father of a child and the expectant father of another. Defendant's wife was not living in defendant's home, but "with her mother for her condition," and during the trial the wife was in the courtroom.

██ The intent of the assault may be determined from the inferences that may be drawn from facts and circumstances.

The implied finding of intent contained in the pronouncement of guilt by the court is the same as a jury's finding. (*People v. Robinson,* 49 Cal.App.2d 576 [122 P.2d 77].) ▮ An appellate court does not reweigh the credibility of witnesses' testimony unless it involves a question purely of law. (Code Civ. Proc., §§ 1847, 2061.) Appraising the weight of the evidence is exclusively the province of the trial court. (*People v. Sarazzawski,* 27 Cal.2d 7, 15 [161 P.2d 934].) ▮ The trier of the facts is not required to accept the testimony of a witness as true though it stands uncontradicted where the trier of the facts determines that such testimony is false. (*Van Der Veer v. Winegard,* 41 Cal.App.2d 518 [107 P.2d 97].) Irrespective of the individual opinion of the members of an appellate court relative to the credibility and weight of the evidence, "The jury, or as in this case the trial court, when a jury is waived, is the exclusive judge of the credibility of witnesses (Code Civ. Proc., sec. 1847) and of the value and effect of the evidence presented. (Code Civ. Proc., sec. 2061.) It necessarily follows that the trial court in this case was authorized, if it conscientiously felt warranted in so doing, after full and fair consideration thereof, to reject appellant's version of the affair and accept as true the testimony of the complaining witness and the other evidence of the prosecution, and therefrom to draw an inference of appellant's guilt." (*People v. Robinson, supra,* p. 579.)

The judgment is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.