[Crim. No. 5195. In Bank. June 5, 1951.]

THE PEOPLE, Respondent, v. JOSEPH EMAL MEICHTRY, Appellant.

Morris Lavine for Appellant.

Fred N. Howser and Edmund G. Brown, Attorneys General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

SHENK, J.—The defendant appealed from a judgment entered on a verdict of guilty of assault with intent to commit rape. He questions the sufficiency of the evidence to support the implied finding that he had the intent as charged. He also claims that there was prejudicial error in the giving of instructions and that he was prevented from having a fair trial by asserted misconduct of the district attorney. He seeks a reversal of the judgment or a reduction of the degree of the crime to that of simple assault.

The information charged that the defendant committed the crime of assault with intent to commit rape on Bertha Kieber on November 19, 1949. The jury found him guilty as charged.

The defendant is 51 years of age, is married and has a young daughter. He is Bertha Kieber's uncle and godfather. He had lived in the home of Bertha's father for about 10

years prior to the establishment of his own home. Bertha was 29 years of age, married and the mother of a 2-year-old boy. Their homes were a few miles apart.

The Kiebers had been working on the construction of their home with some help from the defendant. About 10:30 on the morning of November 19, 1949, after Bertha's husband and her brother-in-law, who had quarters in a separate house on the premises, had left for their employment, the defendant called unexpectedly. Bertha offered him coffee which he refused because he had had beer. The young son was playing in a pen in the yard. The record shows that after some general conversation concerning domestic matters and construction details the defendant made improper advances toward Bertha; that he pushed her into the bedroom and on to the bed; that she kicked and otherwise struggled; that the defendant released her only when she feigned alarm by saying that someone was coming and she ran into the kitchen; that in the kitchen she slapped him and told him to leave and that he left about noon. She told her husband of the incident on his return from employment and they reported the matter to the police. Bruises appeared on Bertha's right arm, she complained of internal injuries and went to a physician for examination.

The defendant was apprehended and he related to the officers a story substantiating the details reported by Bertha. In explanation of why he did it, he said he thought ''Bertha was ready'' and that he ''could make out with her.'' He admitted that she struggled and that the struggle was broken when she said someone was coming. On the stand he told a different story implying that Bertha, rather than he, was the intending paramour.

■ The defendant contends that the evidence is insufficient to support the verdict because there is lacking proof of any act or conduct on his part which showed an intent to use whatever force might be required to accomplish the act, and that at most he was guilty of simple assault. In reviewing an application for a reduction of the degree of the crime an appellate court may not judge the credibility of the witnesses nor weigh the evidence but may consider only its sufficiency as matter of law. (*People* v. *Thomas*, 25 Cal.2d 880, 905 [156 P.2d 7].)

■ The essential element of the offense charged is the intent to commit the act against the will of the complainant. The offense is complete if at any moment during the assault

the accused intends to use whatever force may be required. (*People* v. *Stewart,* 97 Cal. 238 [32 P. 8].) The question whether the intent existed is one for the jury to determine from the conduct of the defendant and the surrounding circumstances. A determination by the court is permissible only when the facts afford no reasonable ground for an inference that the intent existed. (See, also, *People* v. *Woods,* 75 Cal.App.2d 246 [170 P.2d 477]; *People* v. *Lutes,* 79 Cal. App.2d 233 [179 P.2d 815].)

 The record of the complainant's testimony and the defendant's voluntary admissions clearly establishes a question for the jury on the issue of intent, and supports the implied conclusion that the defendant had the requisite intent which he did not abandon until the complainant's feigned alarm.

The defendant urges an insufficiency in the evidence because there was no testimony that he was exposed so as to be able to complete the act. The stated test for the determination of the existence of the intent does not include exposure as an element. Nor is sexual capacity a matter for consideration in the absence, as here, of the offer of any evidence that the defendant was impotent.

 The absence of an immediate outcry on the part of the complainant does not conclusively refute the hypothesis of guilt. (*People* v. *Norrington,* 55 Cal.App. 103, 108 [202 P. 932].) There was sufficient corroborating evidence from the defendant himself to justify the jury's acceptance of her story. The presence of evidence from which the jury could infer the requisite intent distinguishes this case from others, such as *People* v. *Manchego,* 80 Cal. 306 [22 P. 223]; *People* v. *Fleming,* 94 Cal. 308 [29 P. 647]; and *Commonwealth* v. *Merrill,* 14 Gray (Mass.) 415 [77 Am.Dec. 336], relied on by the defendant.

 The jury was correctly instructed concerning the elements required to establish the offense charged, including the element of intent, in the language of the code sections. Thereby the jury was in substance admonished that the required intent was not present unless the defendant intended to commit the act by force and violence sufficient to overcome any resistance offered by the complainant. There is therefore no merit in the contention that the court failed to instruct the jury specifically that the offense was not committed unless there was proof of an intent to overcome resistance by force and violence. If the defendant wanted a more specific in-

struction his proper course was to request it. (*People* v. *Carothers*, 77 Cal.App.2d 252, 255 [175 P.2d 30].)

Nor was there error in the failure to give an instruction on intoxication. The defendant did not base a defense on that ground nor request an instruction. There is nothing in the record which would support a conclusion that he was in that state of intoxication which would require the trial court to give an instruction on the subject notwithstanding his failure to request it. (*People* v. *Coston*, 82 Cal.App.2d 23, 41 [185 P.2d 632].)

The defendant contends that the court's failure to instruct on the lesser included offense of simple assault was prejudicial error. Neither the People nor the defendant requested the instruction. The former rested the outcome on the establishment of the elements of the charge. The defendant apparently believed that the People would not establish the requisite intent and therefore staked his chances on an acquittal. Since the record discloses support for the elements of the offense for which he was convicted, the defendant is not in a position to complain that a miscarriage of justice resulted because of the failure to instruct the jury regarding the inclusion of the lesser offense. (*People* v. *Perhab*, 92 Cal.App.2d 430, 438 [206 P.2d 1133] and cases cited.)

This state of the evidence likewise precludes any justification for the requested reduction of the degree.

The defendant was not prevented from having a fair trial by reason of alleged misconduct of the deputy district attorney which he claims occurred during the examination of the complaining witness regarding the length of time the struggle continued. In characterizing her testimony that she was "fighting all the time with him," the deputy district attorney used the words "Bang! Bang!" before proceeding to the next question. This the defendant designates as "impetuous and forceful conduct before the jury." There was no assignment of misconduct at the trial. There is nothing to indicate that if objection had been taken an admonition by the court would not have removed any possible prejudicial effect. The objection at this time comes too late. (*People* v. *Gray*, 52 Cal.App.2d 620, 658-660 [127 P.2d 72].)

The final contention is that the information fails to state an offense because it did not charge that the defendant intended to overcome resistance by force. There was no demurrer and the point is raised for the first time on the appeal. However, the information was sufficient in charging the de-

fendant "with the intent then and there, and by force and violence, to have and accomplish" the act. The charge is substantially in the language of sections 220 and 261, subdivision 3. It conforms to the requirements for a statement in ordinary and concise language and was sufficient to enable the defendant as a person of common understanding to know what was intended. (Pen. Code, § 950, subd. 2.)

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied June 28, 1951.