[Crim. No. 922.   Fourth Dist.   Jan. 7, 1953.]

THE PEOPLE, Respondent, v. JOHN CARDAROPALI, Appellant.

Monroe, Chula & Lines for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of rape with force and violence.  A jury found him guilty, and he has appealed from an order denying his motion for a new trial.

No contention is made that the evidence is not sufficient to support the verdict. The prosecuting witness lived with her husband and 2-year-old son in a house at Seal Beach. On July 1, 1951, her brother and the defendant, both of whom were in the Marine Corps, came to the home and ate Sunday dinner with the family. The fact that the husband worked on a swing shift from 4 p. m. to midnight was discussed. Shortly after the husband left for his work the defendant and the brother went to a bar a few blocks away. Early in the evening the brother returned to the Marine Base at Camp Pendleton. The defendant remained at the bar until about 10 p. m. when he returned to the home of the prosecuting witness. After striking her, leaving a cut and a bump above one eye, he grabbed her by the throat, threatened to kill her and pushed her to the floor where he succeeded in raping her. There is ample evidence that this was accomplished through the use of fear and violence and there is corroborating evidence in the testimony of a doctor and of officers who investigated immediately afterward.

The defendant testified that the brother was with him at the bar until about 7 p. m.; that he remained and later became drowsy from drinking; that later that night two women, with whom he had been talking in the bar, offered to drive him to a point near Camp Pendleton; that he remembered leaving the bar and getting into a car; that someone woke him up and said he was at the base; and that "Then I woke up the next morning."

It is first contended that the court erred in failing to instruct the jury that it might find the defendant guilty of an assault with intent to commit rape, or of simple assault; that these were necessarily included offenses; and that the jury might well have found him guilty of simple assault had such an instruction been given.

No such instruction was requested and, under the circumstances here appearing, the court was not required to give one on its own motion. The evidence disclosed a rape and not a mere attempt. While the defendant struck the complaining witness this was incidental to the commission of the rape, and it is inconceivable that the jury could have believed that part of the complaining witness' testimony without believing the rest of it. The defendant relied entirely on the contention that he was not there, and having rested his case on that ground he is in no position to complain that a miscarriage of justice resulted from any failure

to instruct the jury with respect to the inclusion of a lesser offense. (*People* v. *Meichtry,* 37 Cal.2d 385 [231 P.2d 847]; *People* v. *Ross,* 89 Cal.App. 132 [264 P. 314].) There was no evidence which would tend to reduce the offense from that charged in the information, the defense offered no evidence contradictory to that offered by the prosecution in this regard, and neither error nor prejudice appears from the court's failure to give such an instruction on its own motion. (*People* v. *Chavez,* 103 Cal. 407 [37 P. 389].)

The only other point raised is that the court erred in failing to give an "instruction on circumstantial evidence." No such instruction was requested, and it is not now stated what this instruction should have been. The defendant relies on *People* v. *Hatchett,* 63 Cal.App.2d 144 [146 P.2d 469] and *People* v. *Rayol,* 65 Cal.App.2d 462 [150 P.2d 812].

While an instruction along the lines suggested by these cases is sometimes necessary it is well settled that the failure to give such an instruction is not prejudicial error where the proof consists mainly of direct evidence, and where such circumstantial evidence as appears is merely incidental to and corroborative of the direct evidence. (*People* v. *Jerman,* 29 Cal.2d 189 [173 P.2d 805]; *People* v. *Hill,* 76 Cal.App.2d 330 [173 P.2d 26].) The court here, at the request of the defendant, gave the following instruction: "You are instructed that if from the evidence you can with equal propriety draw two conclusions, the one of guilt, the other of innocence, then in such a case, it is your duty to adopt the one of innocence and find the defendant not guilty." Under the circumstances shown by the record, no further instruction was required, and it is unthinkable that any further instruction with respect to circumstantial evidence could have affected the verdict.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.