[Crim. No. 2681.   Third Dist.   Dec. 12, 1956.]

THE PEOPLE, Respondent, v. AVERY FURRH, Appellant.

Orrin K. Airola, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of the crime of assault with intent to commit rape and from the order denying his motion for a new trial. His

various contentions may be stated generally to be (1) that the evidence is insufficient to support the conviction of the crime of assault with intent to commit rape; (2) that the trial court erred in [a] refusing to permit testimony concerning previous conduct of the prosecutrix and [b] in refusing testimony concerning her morality; and (3) that the trial court erred in the giving of certain instructions and in the failure to give others.

The record discloses testimony by the prosecutrix that the defendant instead of driving her home from a bar where they met, and as she had expected, turned his car off the highway onto a side road in an uninhabited area, and against her will and continuing protests physically held her in the car and ultimately accomplished an act of intercourse. The defendant, testifying in his own behalf, admitted that an act of intercourse occurred but contended that it was with the consent of the prosecutrix. When the sheriff appeared at the home of defendant with a warrant to arrest him, he fled, was not apprehended until the following day and when interrogated by the officers gave different and conflicting accounts of the circumstances surrounding the crime charged.

Defendant first argues that since admittedly an act of intercourse was consummated, the sole question remaining was whether it was accomplished with or without the consent of the prosecutrix; and since assault to commit rape is an incomplete rape, therefore there was no evidence to support the charge, and it was error for the court to instruct the jury on that crime.

■ The essential element of the offense of assault with intent to commit rape is ". . . the intent to commit the act against the will of the complainant. The offense is complete if at any moment during the assault the accused intends to use whatever force may be required." (*People* v. *Meichtry,* 37 Cal.2d 385, 388 [231 P.2d 847].) ■ But whether the crime committed was rape or assault with intent to commit rape was a question of fact for the jury to resolve. Under the facts and circumstances of the present case it could have been either. ■ The fact that admittedly the act was consummated did not take from the case the element of assault. While the consent of the prosecutrix or the degree of her resistance at a time prior to the actual consummation of the act might preclude a conviction of rape, it could not relate back so as to preclude a conviction of assault with the intent

to commit rape. In other words, her subsequent acquiescence could not undo that which had been done.

Necessarily, therefore, it was not error as defendant contends for the trial court to instruct the jury on the included offenses of assault with intent to commit rape, and simple assault, nor was it error for the trial court not to instruct, on its own motion, on the further included offense of attempted rape. But, says the defendant, the court could not pick and choose between the included offenses; that is, if an instruction was given on one included offense, then instructions on all should have been given. However, it is the rule that where neither the People nor the defendant requested the instructions on included offenses, and where ". . . the record discloses support for the elements of the offense for which he was convicted, the defendant is not in a position to complain that a miscarriage of justice resulted because of the failure to instruct the jury regarding the inclusion of the lesser offense[s]." (*People* v. *Meichtry, supra,* at p. 390.) Necessarily, therefore, in the absence of a specific request by the defendant in the present case to so instruct the jury, it cannot be said that the court committed prejudicial error in failing so to do on its own motion. Nor was it of any concern to the jury, as the defendant further contends, whether the included offenses were felonies or misdemeanors.

It is defendant's further contention that the court erred in excluding evidence of specific lewd acts committed by the prosecutrix that evening towards a defense witness, and in limiting such testimony to her conduct with the defendant. The exclusion of the particular evidence so offered may well have been error since it would have tended to disprove the charge of force and show that the act was more likely to have occurred with the consent of the prosecutrix. (*People* v. *Pantages,* 212 Cal. 237 [297 P. 890]; *People* v. *Battilana,* 52 Cal.App.2d 685 [126 P.2d 923].) However, in view of the additional evidence introduced by defendant concerning her general reputation for unchastity, this court cannot say it was such error as resulted in a miscarriage of justice under the provisions of article VI, section 4½, of the Constitution.

Defendant's further argument, that the court erred in excluding evidence relative to the reputation of the prosecutrix for morality alone, is likewise without merit. It was not her moral character generally which could be questioned; rather it was her reputation for unchastity. Hence evidence

relative to that moral trait was admissible as tending to disprove her testimony relative to the use of force by the defendant and to show more likelihood of her consent.

It is also contended by defendant that the court erred in excluding evidence offered to impeach certain contradictory statements made by the prosecutrix. We find no merit in such contention, in that from our examination of the record we find no such contradictory statements made by her.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.